ROBERT T. GRAY v. EUGENE H. HILL ET AL.

*Land contract—Foreclosure—Decree.*

The vendees in a land contract sold the land on contract, and the purchaser assigned his contract. The assignee contracted to sell the land, and, on default of payment by his vendees of an installment of the purchase price, filed a bill to foreclose his contract, and secured a decree for the payment by his vendees of the amount due thereon, and, in default thereof, a sale of the land, subject to the amount to become due on said contract, which exceeded in amount the sum due on the two prior contracts, and for a report of the deficiency, if any. The defendants purchased with full knowledge of the state of the title, and were to receive a title whenever a certain sum should be paid. The contract contained no representation or agreement that the complainant should own the legal title before the time to convey the land should arrive. And it is held that there is no obstacle to the defendants' being fully protected, either through payments upon the prior contracts, or by the court in proceedings to enforce the remainder of said purchase price.

Appeal from Wayne. (Moore, J., presiding.) Argued April 2 and 3, 1895. Decided April 30, 1895.

Bill to foreclose a land contract. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Gray & Gray*, for complainant.

*F. H. Canfield* and *G. L. Canfield*, for defendants.

HOOKER, J. One Dagobert Juiff, being owner in fee of the premises involved in this suit, subject to three mortgages, aggregating about $3,500, sold the same by land contract, on March 25, 1890, to L'Hommedieu and others for $18,000. Of this $3,000 was paid down, $5,000 was to be paid on or before the expiration of 5 years, and $10,000 on or before the expiration of 10 years, from the date of the contract. Juiff died early in 1892, leaving heirs. On September 10, 1892, L'Hommedieu and his associates entered into a contract with one Thuner, agreeing to sell and convey the premises to him, in consideration of $60,000, approximately. Of this, $10,000 was paid, and the balance deferred. November 2, 1892, Thuner assigned his contract to Gray, the complainant. In 1894 L'Hommedieu died, having devised all his property to his wife in trust. On January 16, 1893, the complainant entered into a contract whereby he sold the premises to the defendants Eugene H. Hill and Charles T. Miller for $96,000. Of this, $18,000 was paid, and, upon failure to meet subsequent installments, this proceeding was instituted to foreclose and sell the defendants' interest. The circuit court in chancery made a decree of foreclosure, requiring the payment of $14,758.37, which it adjudged to be due from these defendants to the complainant, and found that there was to become due from them to him upon said contract the further sum of $70,541.50, besides interest. The decree directed a sale of the premises, subject to the latter sum, in default of payment of the former, and directed a report of de-

ficiency, if there should be any, upon such sale. From this decree the defendants appealed. ·

Seemingly the objection of the defendants to complainant's having the relief asked arises from the fear that they will be called upon to perform their contract. Apparently they have no objection to the sale of the land, as they offered upon the hearing to convey to the complainant what interest they have in the premises, and tendered him a deed of the same. Ostensibly they fear that execution will be awarded and the money collected from them, and the complainant will afterwards fail to convey the land, because he has no title. We are cited to cases which hold that specific performance will not be awarded to a vendor where it is impossible for him to perform the contract upon his part, e. g., where he has not a title to the premises; and it is urged that this complainant had no legal title when the contract was made, that he has not since acquired any, and that he has never tendered performance, or made any offer to do so. A bill filed strictly for specific performance usually asks a decree for the whole consideration, and the vendor, complainant, if he would have the entire consideration awarded to him by the decree, must be able to perform the contract. Where the consideration sought is the payment of money only, this proceeding amounts substantially to a foreclosure, as it gives the vendor a decree for money due by the terms of the contract, and, by sale of the equitable title of the vendee, subjects the premises to the payment of the same. This proceeding is favored, as it enforces no forfeiture. Counsel cite the following cases which fully sustain the proposition: *Fitzhugh v. Maxwell*, 34 Mich. 138; *Day v. Cole*, 56 Id. 294; *Watrous v. Allen*, 57 Id. 362; *Field v. Ashley*, 79 Id. 231; *Walker v. Casgrain*, 101 Id. 604. See, also, *Land Co. v. Nichols*, 81 Wis. 656; *Holly Manufacturing Co. v. New Chester Water Co.*, 48 Fed. Rep. 879; Jones, Mort. § 236, and cases cited. The sale of the vendee's equitable title, with decree for the deficiency, gives the vendor the

benefit of his contract without depriving the vendee, through a forfeiture, of what he has paid upon it. The case of *Walker v. Casgrain* differed from this case in but one particular. In that case the vendor was owner of the legal title, while here the vendor is not in possession of the legal title. But in each case the vendee had an equitable title upon which the vendor had a lien, and no good reason is suggested why such lien should not be enforced against the vendee's interest, such as it was, in either case. In this case the defendants contracted with full knowledge of the state of the title, and it is apparent that both parties expected that the several contracts would be performed according to their terms. The defendants contracted to receive a title when $40,000 should be paid, and the contract contains no representation or agreement that the complainant should own the title before the time to convey should arrive. The decree in the case is for less than $15,000, and the balance to become due exceeds the amount of the liens of the L'Hommedieu and Thuner contracts. There is no obstacle to the defendants being fully protected, either through payments upon these contracts, or by the courts in proceedings similar to this to enforce the payment of the remainder of the purchase price. A court of equity can do complete justice in such a case. See *Land Co. v. Nichols,* *supra*.

The decree of the circuit court will be affirmed, with costs.

McGrath, C. J., Grant and Montgomery, JJ., concurred. Long, J., did not sit.