· MOORE *v.* THOMPSON.

APPEAL—SUFFICIENCY OF PLEADINGS — OBJECTIONS NOT RAISED
BELOW.
>    Where, during two trials in the circuit court and upon an
>    appeal to the Supreme Court, a declaration has been treated
>    by all parties as containing a count for false imprisonment, it
>    is too late, upon a second appeal, to raise the point that it
>    does not contain such count, and that the count relied upon
>    is in fact a count for malicious prosecution.

Error to Livingston; Person, J.   Submitted January
9, 1896.   Decided February 7, 1896:

Case by Kate T. Moore against Wilford B. Thompson
for slander and false imprisonment.   From a judgment
for plaintiff, defendant brings error.   Affirmed.

*Henry C. Waldron* (*Thompson & Harriman*, of coun-
sel), for appellant.

*Sawyer & Knowlton*, for appellee.

MOORE, J.  ˙ This case has been in this court before, and
is reported in *Moore* v. *Thompson*, 92 Mich. 498, wherein
is contained a full statement of the facts, from which this
record does not differ materially.   The law as settled in
that case must control this one, in so far as it is appli-
cable.

It is urged by the counsel for appellant that the declaration
does not contain any count for false imprisonment, and
that the last count of plaintiff's declaration is a count in
malicious prosecution.   This case has been tried twice in
the circuit court and once in this court.   In the former
trial in this court, MONTGOMERY, J., who wrote the pre-
vailing opinion, stated the case as being " an action for
slander and false imprisonment." 92 Mich. 501. GRANT, J.,
who wrote the dissenting opinion, wrote, " The declaration

in this case contains two counts,—one for false imprisonment, and the other for slander." In both of the trials in the circuit court, the counsel for the defendant treated this count as one for false imprisonment, and offered several requests to charge, in which he characterized the count as one . for false imprisonment. No other claim has been made until the case is brought here this time. In the case of *Advertiser & Tribune Co.* v. *City of Detroit*, 43 Mich. 116, it was held that the objection relied upon as error must be brought to the notice of the trial court. Also, see case of *Howry* v. *Eppinger*, 34 Mich. 30, and the many cases cited there. We do not intimate that the count is not a count for false imprisonment; but, if it is not, it is too late to raise the question now.

Objection is made to some portions of the charge of the trial judge, but an inspection of his charge as an entirety does not disclose any material error. We think it in harmony with the law of the case as decided when the case was here before.

The judgment of the court below is affirmed.

The other Justices concurred.