FOLEY *v.* DWYER.

1. PLEADING—AMENDABLE DEFECT—OBJECTION NOT RAISED BELOW.
   Where an alleged defect in the form of a declaration was such
   that an amendment would have been permitted had the ques-
   tion been raised at the trial, an objection based thereon, raised
   for the first time on appeal, will not be considered.

2. LAND CONTRACTS — COVENANTS — ACTION FOR INSTALLMENTS. ·
   Where the purchaser's covenants, in a contract for the sale of
   land, to pay installments of interest and taxes, are not de-
   pendent upon the conveyance or tender of conveyance by the
   vendor, the latter may maintain an action at law for such
   interest and taxes paid by him, without any tender.

3. SAME—ASSIGNMENT—RELEASE OF PURCHASER.
   An assignment of the purchaser's interest under an executory
   contract for the sale of land to one who agrees, in considera-
   tion of the vendor's assent, to fulfill the obligations of the
   purchaser, though consented to in writing by the vendor, is
   insufficient to release the assignor from liability upon a cov-
   enant to pay interest and taxes.

Error to Wayne; Frazer, J.  Submitted November 16,
1899.   Decided January 23, 1900.

*Assumpsit* by John S. Foley against John M. Dwyer
and others upon a contract for the purchase of real estate.
From a judgment for defendants on verdict directed by the
court, plaintiff brings error.   Reversed.

*Keena & Lightner*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellees.

MONTGOMERY, C. J.   The plaintiff and defendants en-
tered into a contract for the sale and purchase of certain
real estate in the city of Detroit.   Plaintiff declared on the
contract, adding the common counts, and alleging as a
breach the failure of defendants to pay taxes and interest
according to its terms and provisions, and adding:

"Whereby plaintiff has been deprived of the profits and advantages which might and would otherwise have accrued to him from the performance of the said contract, and has incurred a great expense in endeavoring to procure the completion of the said purchase on the part of the defendants, and is paying the taxes and assessments on said property, and is otherwise greatly injured, to the damage of the plaintiff $5,000."

In the first paragraph of the contract plaintiff agrees, for the consideration thereinafter specified, to convey to the defendants the property set forth. The second paragraph fixes the purchase price at $10,750, and stipulates that interest at the rate of 6 per cent. per annum shall be payable on the 1st days of January and July in each and every year, and that the defendants shall pay all taxes and assessments against the property. In the third paragraph the defendants agree to buy the premises at the consideration price above stated, and on the terms above set forth. By paragraph 4 it is agreed that the plaintiff might pay any tax assessments, which would then be added to the consideration of the contract, and become payable as a part of the next payment; and this paragraph contains the following stipulation : "This contract may be assigned by the consent of said first party in writing indorsed hereon."

Defendants pleaded the general issue, and gave notice of an assignment of the contract and consent of the plaintiff, claiming thereby a release of defendants from all obligations under the contract. There is no dispute as to the amount of interest and taxes due and unpaid. On the trial the plaintiff introduced in evidence the contract of sale, and proved the amount of interest and taxes due. The defendants introduced in evidence an assignment of the contract from the defendants to George Dingwall, and also the consent of the plaintiff to such assignment. Both the assignment and the consent were indorsed on the back of the contract, and dated March 2, 1896, the same date as the contract. At the request of defendants' counsel, the trial judge instructed the jury to render a verdict for the defendants on two grounds:

*First.* That the plaintiff could not maintain an action at law to recover for taxes paid or installments of interest, and that his remedy must be found on the equity side of the court.

*Second.* That the consent of the plaintiff to the assignment of the contract by defendants to Dingwall was a novation, releasing defendants from all the obligations of the contract.

1. The position taken by defendants at the trial in respect to the first proposition was stated in their objection to the introduction of the lease as follows:

"It appears that the document sued on, or the contract relied on, is a contract for the sale of land; that the sum sued for is alleged or claimed to be the interest which accrued from time to time on this contract; that at the present time the entire principal appears to be due on the contract. There can be no recovery in this action, or in an action at law for the breach, for the purchase price, or any portion of it. The interest, of course, accruing from time to time, is a part of the purchase price. On a land contract the only action maintainable at law is an action for a breach, the measure of damage being the difference between the value of the land (the vendor retaining the title) and the purchase price agreed upon. An action at law, according to the authorities, is not sufficient, because it does not cover all the rights of the parties. There is no claim there was a tender of any deed. He could not tender a deed unless the principal amount was paid. At the time this action was brought the principal amount was not due."

In this court an argument is made based on the form of the declaration, it being contended that the declaration seeks to recover damages for the breach of the contract, and is not properly framed to recover for the installments due when the action was brought. It is not claimed that the declaration contains sufficient averments to entitle the plaintiff to recover general damages for a breach of the contract. On the contrary, it is said that it does not, as it does not show that the plaintiff has taken the necessary steps to entitle him to the advantage of the default. But it is insisted that the declaration contains enough aver-

ments looking in that direction to render it bad as a declaration to recover for the installments due. ·

We need not consider whether the averments of damages resulting from breach of the contract by the defendants may be treated as surplusage, as we are convinced that this question was not raised on the trial; and, had it been raised, the court might properly have permitted an amendment. *Ross* v. *Township of Ionia*, 104 Mich. 320; *Findlay* v. *Railroad Co.*, 106 Mich. 700; *Wierengo* v. *Insurance Co.*, 98 Mich 621; *Moore* v. *Thompson*, 108 Mich. 283.

Has the vendor in a land contract a right of action at law to recover installments growing due on such contract at a date earlier than that at which the vendor is required, by the terms of the contract, to make title? It is contended by the defendants that the installments are a part of the purchase price, and that the general rule is that the vendor is not entitled to recover a part of the purchase price, but is limited to a recovery of damages for the breach or a specific performance in equity. We think the solution of the question involved is reached by the application of well-settled rules. If the defendants' covenants to pay the installments of interest and taxes were dependent on the conveyance or tender of conveyance by plaintiff, there can be no recovery. If the covenants were independent, we can see no reason why an action at law may not be maintained. The general rule is that, where a day is appointed for the payment of money, or part of it, and the day is to happen or may happen before the thing which is the consideration for the money is performed, an action may be brought for the money before performance. In such case it is presumed that the party relied upon his remedy, and did not intend to make the performance a condition precedent. See note to *Cutter* v. *Powell*, 2 Smith, Lead. Cas. 23 *et seq.* The precise question here involved arose in *Wilks* v. *Smith*, 10 Mees. & W. 355. Parke, B., said: "The consideration for the defendant's paying the interest is the plaintiff's *undertaking* to sell

the land, not the actual sale of it. The plaintiff is not bound to do anything before the money is paid." See, also, *Harrington* v. *Higgins*, 17 Wend. 376; *Battey* v. *Beebe*, 22 Kan. 81; *First Nat. Bank* v. *Agnew*, 45 Wis. 131; *Regents of the University* v. *Detroit Young Men's Soc.*, 12 Mich. 138.

2. The defendants gave in evidence an assignment made March 2, 1896, reading as follows:

"In consideration of one dollar and other valuable consideration to us in hand paid by George Dingwall, and by and with the consent of John S. Foley, party of the first part in the contract of sale annexed, we do hereby assign and transfer the annexed contract to the said George Dingwall, his heirs and assigns. And I, George Dingwall, assignee as above named, do hereby accept the above assignment, and, in consideration of the assent of John S. Foley to said transfer, do hereby covenant and agree to assume and fulfill all the obligations thereof on the part of said assignee to be fulfilled."

Beneath this was written:

"I do hereby consent to the above assignment.
                    "JOHN S. FOLEY.   [Seal.]"

Did this assignment, made with the consent of plaintiff, operate to relieve the defendants? There is no release in terms. The assent is given in terms to an assignment, which implies a transfer of the rights of the assignor. True, the assignee covenanted to fulfill the conditions of the contract, but there was no covenant by plaintiff to release the defendants, and look to the assignee, Dingwall. A question closely analogous has been before this court, and ruled in accordance with plaintiff's contention. *Wineman* v. *Phillips*, 93 Mich. 223. In that case it was held that the assignment of a lease with the consent of the lessor did not operate to discharge the lessee from his covenant to pay rent. In *Bailey* v. *Wells*, 8 Wis. 141 (76 Am. Dec. 233), the same rule was laid down in a case where the terms of the assignment were not materially different from the one under consideration in this case.

The learned circuit judge was apparently of the opinion that a distinction should be taken between the cases cited and the present, for the reason that the landlord, having put the tenant in possession, has substantially performed his contract, unless there be covenants for repairs, while in the present case the contract is still executory on the part of the plaintiff. We think this distinction is not supported by the authorities. The ground upon which the assignor is held still liable, notwithstanding the assignment of his lease and the acceptance of rent from the assignee, is that the covenant to pay rent is still in force. *Fletcher* v. *McFarlane*, 12 Mass. 43. Now, it could be urged in such case that the assent to the assignment would discharge a covenant to pay rent with as much force as it can be in this case that a like assent operates as a release of the covenant to pay interest, taxes, or the unpaid portion of the purchase price. In either case the assignor no longer enjoys the benefit of what he has covenanted to pay for, but in either case he is held on his covenant, because it has not been, in terms, discharged.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.