MIDLAND COUNTY SAVINGS BANK *v.* T. C. PROUTY CO.

1. VENDOR AND PURCHASER—ASSIGNMENT OF VENDEE'S INTEREST—LIABILITY OF ASSIGNOR.

   The assignment of a land contract by the vendee does not relieve the vendee from the payment of the purchase price or create a liability therefor against the assignee.

2. SAME—INDEBTEDNESS SECURED—LIEN.

   Under a land contract which creates no lien for the unpaid purchase money and no forfeiture for a default in its covenants, the right of the vendor or its assigns remains merely a debt secured by the contract.

3. SAME—REMEDIES.

Upon a default in the contract an action at law for the debt or foreclosure in equity of the vendor's lien include the remedies of the vendor.

4. SAME—LIEN—PERSONAL PROPERTY.

No lien is created by land contract, without express provisions, on personal property placed upon the premises.

5. DEBTOR AND CREDITOR—EQUITABLE REMEDIES—LIEN ON ASSETS OF THE VENDEE—CORPORATIONS.

While the vendor may have an equitable lien upon the property of the vendee for the amount of the unpaid indebtedness, after a transfer thereof by the debtor to a copartnership, upon an assumption of the liabilities of the vendee, no personal liability is created by such conveyance and agreement, except by a promise to the creditor to pay his claim.

Appeal from Midland; Dodds, J. Submitted June 9, 1909. (Docket No. 22.) Decided December 10, 1909.

Bill by the Midland County Savings Bank against the T. C. Prouty Company, Limited, and the T. C. Prouty Company for the foreclosure of a land contract. From a decree for complainant, defendant partnership appeals. Modified and affirmed.

*William D. Gordon,* for complainant.

*E. P. Rice* and *Alfred J. Mills* (*S. F. Master,* of counsel), for appellant.

OSTRANDER, J. Complainant holds the legal title to certain premises and is the assignee of the former owner, the vendor in an executory contract for the sale of the premises to T. C. Prouty Company, a corporation. The T. C. Prouty Company, Limited, a partnership, is, it is claimed, the assignee of the vendee in the land contract. This fact would not relieve the corporation (*Foley* v. *Dwyer,* 122 Mich. 587 [81 N. W. 569]), nor create any liability to the complainant on the part of the assignee.

The land contract contains no provision for a forfeiture.

It creates no lien for the unpaid purchase money, and no security therefor, except insurance upon the buildings. The demand of complainant is, therefore, an ordinary money debt secured by the contract. *Fitzhugh* v. *Maxwell*, 34 Mich. 138. Complainant had its remedy at law against those whose promise to pay it holds (*Foley* v. *Dwyer, supra*), or the remedy it has chosen, to foreclose the vendor's lien. *Fitzhugh* v. *Maxwell, supra; Gray* v. *Hill*, 105 Mich. 189 (63 N. W. 77); *Walker* v. *Casgrain*, 101 Mich. 604 (60 N. W. 291).

The court below determined and stated the amount due, and the amount to become due upon the land contract, ordered a sale of the premises described in the contract, found the defendant the T. C. Prouty Company, Limited, to be "personally liable for the debt secured by said contract," and ordered it to pay any deficiency arising from the sale. It also found and stated and made provision for the enforcement of a lien "in the nature of a chattel mortgage in favor of said complainant" and against a large quantity of personal property and machinery belonging to and in the possession of said partnership. It is clear that the vendor in a land contract, in the absence of agreement, acquires no lien upon the property which the vendee in taking possession moves upon the premises. It might be that the failure to place the property on the premises and the removal of it from the premises would in a particular case be a violation of the contract, but I do not perceive how it would create a lien for the purchase money upon the property so removed.

There is no evidence of a promise of the defendant partnership to the complainant to pay the debts of the corporation. Complainant can reach the assets of the corporation which were transferred to the partnership only upon the theory that it is a creditor of the corporation out of whose assets it was and is entitled to make its debt. It may do this, and may be held to have a lien upon the assets of the defendant corporation which were transferred

to the defendant partnership, to be enforced if the defendant partnership does not pay the debt.

It appears that the assets of the corporation transferred to the defendant partnership were valued at a considerable sum over and above the debts of the corporation which were assumed by the partnership. But I do not think the defendant partnership can be held to be "personally liable for the debt," and that the decree in this respect should be modified. The effect of the change may be inconsiderable in fact. It will at least save the rights of the defendant partnership as against those stockholders whose interest in it was paid for by the assets of the corporation.

The decree should also provide that the complainant convey to the purchaser if a sale is made, or to the defendant partnership if it pays the debt. In other respects the decree should be affirmed.

Grant, Montgomery, Hooker, and Moore, JJ., concurred.