WING ET AL., APPELLANTS, *v.* BRASHER, RESPONDENT.

(No. 4,235.)

(Submitted January 5, 1921. Decided January 17, 1921.)

[194 Pac. 1106.]

*Vendor and Purchaser—Real Property—Contract of Sale— Breach by Purchaser—Remedy Prescribed in Contract Exclusive — Complaint — Insufficiency — Appeal and Error — Briefs.*

Appeal and Error—Briefs—"Abstract" of Case.
    1. The requirement of section 3, Rule X of the supreme court, that appellant's brief shall contain an abstract (or statement) of the case, is not met by an index or table of contents of the transcript, "abstract" meaning a synopsis or summary of the facts.
Same—Complaint—Sufficiency—Liberal Construction Rule—When Inapplicable.
    2. Where the complaint not only does not state a cause of action but is unintelligible, the rule that if from the facts stated it is apparent that plaintiff is entitled to some relief, the pleading will be upheld, does not obtain.
Vendor and Purchaser—Real Property—Contract of Sale—Breach by Purchaser—Remedy Prescribed in Contract Exclusive.
    3. A contract of sale of realty provided that on default by the purchaser the vendor might recover possession and declare the contract forfeited; that the purchaser should peaceably surrender possession, all payments made by him to be deemed forfeited to the vendor as fixed and settled liquidated damages; that the contract should not be construed as a mortgage; that the vendor should be authorized to enforce his right to immediate possession by unlawful detainer, and that "this contract shall be the only course of settlement thereunder,"—*held,* in an action by the assignee of the vendor against the purchaser to recover unpaid installments of the purchase price, that

the provisions of the contract as to remedy in case of its breach were exclusive, and that the trial court properly held that the complaint was insufficient to state a cause of action.

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

ACTION by Marie L. Wing and another against Kittie Brasher. From a · judgment for defendant, plaintiffs appeal. Affirmed.

*Messrs. Wines & Harrington,* for Appellants, submitted a brief; *Mr. Geo. Crandell,* of the Bar of Spokane, Washington, and *Mr. John K. Claxton,* of Counsel, argued the cause orally.

*Messrs. Canning & Geagan,* for Respondent, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the appellants, as assignees of a certain contract for the purchase of real estate located in the city of Butte. The only question arising is as to the sufficiency of the complaint, raised at the trial of the case after issue joined and a jury had been impaneled and sworn, by objection to the introduction of any evidence in support of either the first or second cause of action, for the reason that each fails to state facts sufficient to constitute a cause of action. · The trial court sustained the objection and entered judgment in favor of respondent. The appeal is from the judgment.

The complaint is as follows:

"I.   Plaintiffs above named, for their cause of action against defendant above named, allege that heretofore, to-wit, upon the twelfth day of June, 1914, said defendant above named entered into a certain written agreement with Herman Schultz and Gertrude Schultz, of which agreement the following is a true copy, to-wit:

" 'Contract for Deed.

" 'This contract, made and entered into this the 12th day of June, A. D. 1914, by and between Herman Schultz and (his

wife) Gertrude Schultz, of Spokane Bridge, Washington, the parties of the first part, and Kittie Brasher,˙of Butte, Montana, the party of the second part, witnesseth:

" 'That the said parties of the first part, for and in consideration of the payments to be made and a full and complete fulfillment and performance of the covenants and agreements to be performed on the part of the said party of the second part hereinafter contained, do agree to make, execute and deliver to the said party of the second part, her executors, administrators or assigns, a bargain and sale deed conveying the same title as acquired by the said parties of the first part, to the surface of the following described lots, pieces or parcels of ground situated in Silver Bow county, state of Montana, as follows, to-wit: [Here follows description of lots.] Together with the improvements thereon and appurtenances thereunto belonging or appertaining thereto, with the usual mineral reservation clause.

" 'Said party of the second part, in consideration thereof, agrees to pay to the said parties of the first part, at the office of the Bailey Loan & Realty Company, at No. 1 East Granite Street, Butte, Montana, the sum of sixteen thousand and no/100 ($16,000.00) dollars, lawful money of the United States, together with the interest thereon at the rate of seven (7%) per cent. per annum, payable quarterly, on the unpaid balances from the date hereof until· fully paid.

" 'Payments to be made in the following manner, to-wit: One thousand and no/100 ($1,000.00) dollars upon the execution of this agreement, the receipt of which is hereby acknowledged, the further sum of two hundred and no/100 ($200.00) dollars, or more, upon the 12th day of July, A. D. 1914, and two hundred and no/100 ($200.00) dollars, or more, on the 12th day of each and every calendar month thereafter until the full sum of fifteen thousand and no/100 ($15,000.00) dollars is fully paid, together with the interest or any moneys advanced by the first parties be paid in full and

" 'Whereas, it is mutually agreed by and between both parties that the said party of the second part is permitted thirty

days' grace to make any monthly payment on the principal sum, as set out in this agreement, said time being based on each calendar year from date hereof.

" 'Said party of the second part further agrees to pay all taxes and street improvements now levied against the said premises or hereafter to be levied against said property, both city and county, liens, assessments or other encumbrances that may accrue after date hereof, including taxes, both city and county, for the year 1914.

" 'Said second party agrees to keep the said premises insured against loss by fire in a sum not less than seven thousand and no/100 ($7,000.00) dollars, with companies approved by the said first. parties and made payable to the said parties of the first part as their interest may appear.

" 'And in case the said party of the second part fails or neglects to pay any fire insurance premium, taxes, liens, or other encumbrances now levied or hereafter incurred on said premises, the said parties of the first part are hereby authorized to pay the same, and such amounts so paid shall be considered as principal due from and owing by the said party of the second part and shall bear interest at the rate of one per cent. per month until paid to the said parties of the first part.

" 'Said second party further agrees that time is of the essence of this agreement, and should default be made in any or all of the aforesaid payments, covenants and agreements on the part of the said party of the second part, then this contract is to be void at the option of the said parties of the first part, or their legal representatives, who, if they so elect, may demand and recover possession of the said premises on account of such default with or without process of law, and declare this agreement null and void.

" 'A waiver by the said parties of the first part of their rights to enforce such forfeiture for one or more of such defaults shall not be considered as a waiver of their rights to enforce such forfeiture for any subsequent default. In case

of any such defaults, said party of the second part hereby agrees to quietly and peaceably surrender possession of said premises to the said parties of the first part, or their legal representatives or assigns, and all payments made under this agreement shall be forfeited to the said parties of the first part, as fixed, settled and liquidated damages on account of such default by the said party of the second part.

" 'And whereas, it is mutually agreed and understood by and between both parties that this contract cannot be construed to be a mortgage upon the above-described premises, in any sense, and that should said party of the second part default in any payments that may become due and payable under this contract, this contract shall be the only course of settlement thereunder.

" 'It is mutually agreed by both parties that the party of the second part may take immediate possession of said premises, and occupy the same, and that until the terms of this agreement are fully performed by the said party of the second part, she shall be deemed to be a tenant of the said parties of the first part.

" 'And in case of a default of said party of the second part, by which this agreement shall become forfeited, then said first parties become entitled to immediate possession thereof, or at their option they may bring an action for unlawful detainer in any court of competent jurisdiction.

" 'In witness whereof, the said parties of the first part and the said party of the second part, have hereunto set their hands and seals this, the 12th day of June, in the year A. D. 1914.

" 'First Party.   HERMAN SCHULTZ.
" 'First Party.   GERTRUDE SCHULTZ.
" 'Second Party.  KITTIE BRASHER.
" 'Witness to Herman Schultz:
" 'J. G. BAILEY.
" 'Witness to Gertrude Schultz, Spokane Bridge, Wash.:
" 'STEPHEN O'CONNOR.

" 'It is understood and agreed that the within named purchase price includes all furniture and furnishings belonging to the parties of the first part.

" 'HERMAN SCHULTZ.'

"Plaintiffs further allege that thereafter, to-wit, upon the first day of May, 1917, the said Herman Schultz and Gertrude Schultz made, executed and delivered unto these plaintiffs a certain written agreement and assignment, by which said Herman Schultz and Gertrude Schultz transferred, assigned and set over unto these plaintiffs all of their right, title and interest in and to said written agreement hereinbefore described, and of which the following transfer and assignment is a true copy, to-wit:

" 'Spokane Bridge, Wash., May 1st, 1917.

" 'For value received we do hereby sell, transfer and set over unto Marie L. Wing and Fred C. Wing all our right, title, interest, claim, demand and cause of action in and to, arising from, growing out of, or in any way connected with that certain written agreement and contract, dated the 12th day of June, 1914, executed by Herman Schultz and Gertrude Schultz, as parties of the first part, and Kittie Brasher, as party of the second part, including all moneys due or hereafter to become due from said Kittie Brasher, as said party of the second part, under the terms and conditions of said written agreement or contract, with a full and complete right to demand, sue for in their own names, to collect and receive, and receipt for all moneys received under and by virtue of this contract and transfer.

" 'Witness our hands this 1st day of May, 1917.

" 'HERMAN SCHULTZ.

her
" 'GERTRUDE  X  SCHULTZ.'
mark

"Plaintiffs further allege that said defendant upon the date of the execution and delivery of said written agreement hereinbefore set forth paid unto the said Herman Schultz and Gertrude Schultz the sum of one thousand ($1,000) dollars, as

required by the terms of said written agreement, and being the first payment upon the purchase price of the property mentioned and set forth in said agreement.

"Plaintiffs further allege that said defendant made certain of the payments of two hundred ($200) dollars per month, as required by the terms of said agreement, but plaintiffs in this connection further allege that said defendant has wholly failed and refused to pay any, or either of the following monthly payments of two hundred ($200) dollars, as required by the terms of said agreement, to-wit: Two hundred ($200) dollars upon the twelfth day of October, 1914; two hundred ($200) dollars upon the twelfth day of November, 1914; two hundred ($200) dollars upon the twelfth day of December, 1914; two hundred ($200) dollars upon the twelfth day of January, 1915; two hundred ($200) dollars upon the twelfth day of February, 1915; two hundred ($200) dollars upon the twelfth day of March, 1915; two hundred ($200) dollars upon the twelfth day of April, 1915; two hundred ($200) dollars upon the twelfth day of May, 1915; two hundred ($200) upon the twelfth day of June, 1915; two hundred ($200) dollars upon the twelfth day of July, 1915; two hundred ($200) dollars upon the twelfth day of March, 1917; two hundred ($200) dollars upon the twelfth day of April, 1917; two hundred ($200) dollars upon the twelfth day of May, 1917; and two hundred ($200) dollars upon the twelfth day of June, 1917.

"Plaintiffs further allege that said defendant also failed and refused to pay the entire sum of two hundred ($200) dollars, required by the terms of said agreement upon the twelfth day of August, 1915, and only paid the sum of eighty ($80) dollars thereof, leaving unpaid upon the said payment of two hundred ($200) dollars, due upon the said twelfth day of August, 1915, the sum of one hundred and twenty ($120) dollars, and making an aggregate of fifteen months, and amounting in the aggregate to the sum of twenty-nine hundred and twenty ($2,920) dollars, no part of which said sum of twenty-nine hundred and twenty ($2,920) dollars has ever

been paid, and that the same is now due and owing from said defendant unto these plaintiffs, under the terms and conditions of said written agreement and said written assignment as hereinbefore set forth.

"Plaintiffs further allege that said defendant has paid all the interest due upon the unpaid balance of the principal sum to be paid under said written agreement, to-wit, on the sum of $16,000 upon the twelfth day of February, 1917, and no more, but that said defendant has wholly failed and refused to pay the interest on the said unpaid balance of said principal, to-wit, on the sum of $10,720 for a period of four months, to-wit, from the twelfth day of February, 1917, to the twelfth day of June, 1917, at the rate of 7 per cent per annum, and which said interest amounts to the sum of $250, and that no part of said interest, to-wit, no part of said sum of $250 has ever been paid, and that the same is now due and owing from defendant to these plaintiffs, according to the terms of said written agreement and said written assignment as hereinbefore set forth.

"Plaintiffs therefore upon the above and foregoing cause of action demand a judgment against said defendant for the aggregate sum of thirty-one hundred and seventy ($3,170) dollars.

"II.  Plaintiffs further allege that under the terms and conditions of said written agreement as hereinbefore set forth said defendant was required to pay all insurance, premiums, taxes, liens and other encumbrances incurred on said premises, to which said agreement reference is hereby made.

"Plaintiffs further allege that said defendant has wholly failed and refused to pay the taxes levied or assessed by the city of Butte, and claimed by the said city of Butte, upon the property and premises described in said written agreement for the year 1916, and that the same are and were a lien upon said property and premises, and that these plaintiffs for the purpose of preventing an enforcement of such liens did upon the —— day of May, 1917, pay unto the city of Butte the

full amount of said city taxes so levied and assessed, as afore-said, and for the purpose aforesaid in the sum of $319.00, and that said defendant has wholly failed and refused at all times to pay the same, and has not paid the same, neither unto the said city of Butte, nor unto these plaintiffs, and that the same is now due and owing from said defendant unto these plaintiffs under the terms of said agreement and said written assignment as hereinbefore set forth.

"Plaintiffs therefore demand judgment against defendant under the two several causes of action herein set forth in the sum of thirty-four hundred and eighty-nine ($3,489) dollars, together with interest thereon, from the date of the commencement of this action, at the rate of seven (7) per cent per annum, together with costs."

The complaint is as voluminous as it is unintelligible, and the alleged briefs filed by counsel are noteworthy in brevity, lack of argument, and the citation of authority. Briefs of such character are unfair to litigants and of no assistance to the court.

Appellants' brief does not contain a proper abstract or [1] statement of the case, and in this respect does not comply with subdivision (a) of section 3 of Rule X of the supreme court (44 Mont. xxxiii, 167 Pac. x). On this ground the appeal might with propriety be dismissed, following former decisions of this court. (*Conklin* v. *Cullen,* 25 Mont. 30, 63 Pac. 686; *Matusevitz* v. *Hughes,* 26 Mont. 212, 66 Pac. 939, 68 Pac. 467.) However, in this case, as it appears to us that appellants' counsel have misinterpreted the rule, and although the remainder of the brief is of little assistance to the court, the penalty of dismissal will not be imposed. "Abstract," in the sense in which it is used in this rule, means a synopsis or summary of the material facts, rather than an index or table of contents of the transcript, as it has evidently been construed and applied by counsel.

Considering the case on its merits, we are called upon to [2] determine whether appellants' complaint states a cause of action. The theory upon which the trial court proceeded is

indicated by its ruling upon the objection of counsel for the respondent to the introduction of any evidence. The specific grounds of the objection made and sustained by the trial court were: (1) That the complaint fails to set out that the possession of the premises mentioned in the contract was ever given respondent; (2) that the complaint does not state in either cause of action that the defendant failed to surrender possession of the premises mentioned in the contract, which is the gist of the action in this controversy; (3) that the contract on which the action is based is indivisible, and governs the case as between the parties by its own terms; and (4) that the only action that could be maintained on the part of appellants against respondent is an action for the possession of the premises, and that alone.

It would be illuminating to know upon what theory the result was actually reached by the trial court. However, there is no question but that its action in sustaining the objection was proper. The complaint in this action does not fall within the very liberal rule adopted in this state: *i. e.*, that if, from the facts stated, the plaintiff is entitled to relief, the pleading will be upheld: (*Merk* v. *Bowery Min. Co.*, 31 Mont. 298, 78 Pac. 519; *Donovan* v. *McDevitt*, 36 Mont. 61, 92 Pac. 49; *Raymond* v. *Blancgrass*, 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648; *Hicks* v. *Rupp*, 49 Mont. 40, 140 Pac. 97; *Decker* v. *Decker*, 56 Mont. 338, 185 Pac. 168; see, also, Rev. Codes, sec. 6713.)

The complaint fails to come within the above broad and liberal rule of pleading, as the contract in its entirety is made the basis of the action, and by express terms the contract prescribes exclusive remedies for its breach. The assignment made to the appellants was made of the contract in its entirety. This is an agreement to sell on the one hand and buy on the other, and the language of the contract itself must govern its interpretation, if clear and explicit and not involving an absurdity. (Rev. Codes, sec. 5027.) The whole contract must be taken together, so as to give effect to

every part, if reasonably practicable; each clause helping to interpret the other. (*Id.*, sec. 5030.) An agreement to sell is a contract by which one engages for a price to transfer to another the title to a certain thing. (*Id.*, sec. 5082.) And an agreement to buy is a contract by which one engages to accept from another, and pay the price for the title to a certain thing. (*Id.*, sec. 5083.)

By the terms of the contract, it is agreed that first parties, [3] Herman Schultz *et ux.*, may, at their option, "should default be made in any or all of the * * * payments, covenants and agreements on the part of" respondent, (1) demand and recover possession of the premises on account of default, and declare the agreement null and void, and a waiver by Schultz and wife of their rights to enforce such forfeiture for one or more of such defaults shall not be considered a waiver of their rights to enforce such forfeiture for any subsequent default; (2) in case of any such defaults, the respondent agrees to quietly and peaceably surrender possession of the premises to Schultz and wife; (3) all payments made under the agreement shall be forfeited to Schultz and wife "as fixed, settled, and liquidated damages on account of such default"; (4) in case of default by respondent, as a result of which the agreement shall become forfeited, then Schultz and wife shall become entitled to immediate possession of the premises; or (5) Schultz and wife, at their option, may bring an action for unlawful detainer in any court of competent jurisdiction. The remedy in the event of a breach of the contract is specifically provided in the contract itself, and the parties must be governed thereby.

It is provided that the contract "cannot be construed to be a mortgage upon the above-described premises in any sense, and that should said party of the second part [the respondent] default in any payments that may become due and payable under this contract, *this contract shall be the only course of settlement thereunder.*"

In our opinion, the trial court was correct in holding the complaint insufficient and sustaining defendant's motion to dismiss the action.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.