ALEXANDER, APPELLANT, *v.* WINGETT ET AL.,
RESPONDENTS.

(No. 4,995.)

(Submitted April 13, 1922. Decided May 1, 1922.)

[206 Pac. 1087.]

*Real Property—Vendor and Purchaser—Assignment of Con-*
*tract—Effect on Liability of Purchaser—Forfeiture. No*
*Bar to Action for Contract Price.*

Real Property—Sale—Assignment of Contract Does not Release Purchaser
from Liability.
    1. A purchaser of land cannot, without the consent of the vendor,
terminate his liability under the contract or escape the obligation
imposed thereby, by assigning his interest in it to a third person.

Same—Sale—Breach of Contract—Forfeiture No Bar to Action for Con-
tract Price.
    2. Where a contract of sale of land provided that in case the pur-
chaser should fail to make payment as stipulated for therein he
should · forfeit his right, title and interest in the land, give up pos-
session to the vendor, *etc.*, the forfeiture clause was for the benefit
of the vendor only, and therefore failure of the purchaser to make
payment did not render the contract void so as to preclude an action
by the vendor for the purchase price.

*Appeal from District Court, Fergus County; Rudolph Von*
*Tobel, Judge.*

ACTION by Walter Alexander against Solomon Wingett and
another. From a judgment for defendants, plaintiff appeals.
Reversed and remanded.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for
Appellant, submitted a brief; *Mr. H. L. De Kalb* argued the
cause orally.

A vendee, by assigning a contract, cannot relieve himself
from liability under it unless there is an express agreement

---

1. Validity and enforceability of restriction against assignment in
contract for sale of realty, see notes in **Ann. Cas.** 1913A, 229; **Ann.
Cas.** 1915A, 1127.
2. Right of vendor to unpaid installments of the purchase price
where the contract was terminated or has been rescinded for default of
vendee, see notes in 4 **Ann. Cas.** 791; **L. R. A.** 1916C, 893.

providing otherwise. (*Midland County Sav. Bank* v. *T. C. Prouty Co.*, 158 Mich. 656, 133 Am. St. Rep. 401, 123 N. W. 549; *Foley* v. *Dwyer*, 122 Mich. 587, 81 N. W. 569; *Jones* v. *Owen*, 149 Ga. 72, 99 S. E. 121; *Gross* v. *Thornson*, 286 Ill. 185, 121 N. E. 600; 27 R. C. L. 563.)

Respondent relies on the case of *Wing* v. *Brasher*, 59 Mont 10. It was specifically provided in the Wing-Brasher contract that "this contract shall be the only course of settlement thereunder"; and there is no provision in the contract at bar providing for any exclusive remedy or making the terms of the contract the remedy of either party in case of a breach thereof; and in view of the great weight of authority we do not apprehend that this court will apply the rule to the present one. (See, also, 39 Cyc. 1343, 1902, 1904, 1923; *Wilcoxson* v. *Stitt*, 65 Cal. 596, 52 Am. Rep. 310, 4 Pac. 629; *North Stockton Town Lot Co.* v. *Fischer*, 138 Cal. 100, 70 Pac. 1082, 71 Pac. 438; *Fouts* v. *Foudray*, 31 Okl. 221, Ann. Cas. 1913E, 301, 38 L. R. A. (n. s.) 255, 120 Pac. 960; *Chambers* v. *Anderson*, 51 Kan. 385, 32 Pac. 1099; *Westervelt* v. *Huiskamp*, 101 Iowa, 196, 70 N. W. 125; *Lane* v. *Manning*, 8 Yerg. (Tenn.) 435, 29 Am. Dec. 125.)

*Mr. John A. Coleman*, for Respondent, submitted a brief; *Mr. E. K. Matson*, of Counsel, argued the cause orally.

MR. COMMISSIONER COMER prepared the opinion for the court.

Appellant brought this action in the district court to recover the sum of $2,000 and interest alleged to be due upon a certain contract for the sale of real estate, made February 20, 1917, between Walter Alexander, as party of the first part (plaintiff in the district court, appellant herein), and Solomon Wingett, party of the second part (defendant in the district court, respondent herein), by which plaintiff agreed to sell and convey to defendant and defendant agreed to purchase from plaintiff the said real estate therein described, for a consideration of $4,500, payable $1,000 on the first day of

January, 1918, and the same amount on January 1 of each year thereafter until the full amount was paid, interest at seven per cent thereon.

The complaint alleges that on February 20, 1917, a warranty deed, conveying said land in accordance with said contract, and an abstract of title showing title in the plaintiff, were deposited in the First National Bank of Denton, Montana, where they now are, and ever since have been so deposited; that on the twentieth day of February, 1917, the defendant entered into possession of said real estate, and continued such possession for a long period of time thereafter; that some time thereafter, not definitely known to plaintiff, defendant Wingett delivered possession to the defendant Coburn Murray, who has occupied and used it since such possession was delivered to him; that defendant Wingett attempted to assign his rights in said contract to defendant Murray; that no payments have been made, and that the amount due upon said contract is the sum of $2,000 and interest. The complaint was filed November 13, 1920.

Thereafter a joint demurrer was filed by defendants, alleging the complaint did not state facts sufficient to constitute a cause of action, which was overruled, and a joint answer thereupon served and filed by the defendants. The cause came on for trial, and was dismissed by the plaintiff upon his own motion as to the defendant Coburn Murray. The contract with the assignment thereon to Coburn Murray was offered in evidence by the plaintiff. Thereupon defendant Wingett objected to the introduction of any evidence upon the following grounds: First, that the said contract was an agreement for the sale of lands without any restrictions, and therefore assignable under our law, and that he (Wingett) had a legal right to assign all his right, title and interest in and to the contract, and when such assignment was made he was relieved and eliminated from the transaction; second, that the contract provides no remedy on the part of the vendor except that of forfeiture; that there is no provision

for suit for deferred payments or balance due, or anything else, but the specific provision is for forfeiture only and the delivery up of the premises to the plaintiff. The court thereafter rendered judgment for defendant Wingett that the plaintiff take nothing, and plaintiff appeals therefrom.

The question to be determined upon this appeal is whether the court was justified in rendering judgment for said defendant Wingett, and the determination of this question involves the question whether the complaint states facts sufficient to constitute a cause of action.

The assertion of defendant Wingett that by assigning his [1] interest in the contract to Coburn Murray he thereby terminated his liability under the contract is not tenable, for he is personally liable upon the contract to plaintiff, and cannot relieve himself of his liability thereon, or escape the obligation imposed thereby, without the agreement of plaintiff to that effect. He became personally responsible upon the contract when it was made, for the consideration therein; that is, the purchase price of the real estate, and he cannot substitute the personal responsibility of another person in lieu of his own, unless the other party agrees to such substitution. (*Midland County Sav. Bank* v. *T. C. Prouty Co.,* 158 Mich. 656, 133 Am. St. Rep. 401, 123 N. W. 549; *Foley* v. *Dwyer,* 122 Mich 587, 81 N. W. 569; *Jones* v. *Owens,* 149 Ga. 72, 99 S. E. 121; *Gross* v. *Thornson,* 286 Ill. 185, 121 N. E. 600; 27 R. C. L. 563; *Montgomery* v. *De Picot,* 153 Cal. 509, 126 Am. St. Rep. 84, 96 Pac. 305; 39 Cyc. 1646.)

In the case of *Arkansas Valley Smelting Co.* v. *Belden Min. Co.,* 127 U. S. 379, 32 L. Ed. 246, 8 Sup. Ct. Rep. 1308, the court said: "But everyone has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.'" Apparently this is conceded to be the law, as the point is not argued

in the briefs and no authority is submitted to the effect that defendant could, by assigning his interest in the contract, escape liability.

However, it is earnestly contended that under the terms **[2]** of the contract itself the vendor has only the right of action for damages for breach of the contract, or an action to recover possession of the real estate under the forfeiture clause, and he rests his contention solely upon the case of *Wing* v. *Brasher,* 59 Mont. 10, 194 Pac. 1106. In that case the action was brought to recover the amount claimed to be due upon a contract of sale or real estate. The contract itself specified the remedies of the vendor, and provided that it ''cannot be construed to be a mortgage upon the above-described premises, in any sense, and that should said party of the second part default in any payments that may become due and payable under this contract, *this contract shall be the only course of settlement thereunder.''* The contract in the case at bar contains no such provision. Under the provisions of the contract in the case of *Wing* v. *Brasher, supra,* the vendor was bound to proceed in accordance with one of the remedies set forth in the contract, for he stipulated in the contract that the contract itself should be ''the only course of settlement thereunder,'' and thus, by a specific provision of his contract, he was prohibited from bringing his action to recover the purchase price, as that remedy was not mentioned in the contract. However, in the case at bar, there is no clause in the contract asserting, directly or by way of inference, that the remedies of the vendor, as set forth in the contract, are exclusive; and there is no clause therein providing that the contract shall be the only course of settlement thereunder. It is clear, therefore, that the decision in the case of *Wing* v. *Brasher, supra,* cannot be relied upon in support of the judgment appealed from, because the contract in litigation in that case is wholly different from the one herein.

It is the general rule that the clause of forfeiture in a contract of the sale does not operate to make the contract void, when there is a default on the part of the vendee, so as to terminate the liability of the vendee, but the vendor may elect whether to declare a forfeiture or rely upon the liability of the vendee as fixed by the contract, and sue for the purchase price. The forfeiture clause relied upon by the respondent, set forth in the contract, is as follows: "Should the party of the second part fail to make said payments, or pay the said installments of interest at the time or in the manner hereinabove specified, time being expressly made the essence of this agreement, he shall forfeit all his right, title and interest in and to said lands, and every part and parcel thereof, and shall immediately deliver up and surrender over his possession of the same to the party of the first part and said provisions shall also apply with regard to a failure to perform any of the covenants or conditions of this agreement, and upon the full payment of the principal and interest, according to the terms and tenor of this agreement, the party of the first part shall execute and deliver a good and sufficient warranty deed of such lands to the said party of the second part, accompanied by an abstract of title showing a good and marketable title in said lands."

We quote with approval the rule relating to forfeitures as set forth in 27 R. C. L. 465, as follows: "The purchaser's equitable estate or interest may be subject to be defeated under provisions therefor in the contract if he fails to comply therewith, but this right to terminate the contract is a right conferred on the vendor, and is to be exercised at his option; the purchaser has no right to take advantage of his own default and claim that his liability was thereby terminated. And this is true as a general rule though the contract provides that on the default of the purchaser the contract shall be deemed noneffective or void, as it is the general rule that provisions for forfeiture in contracts are made for the

benefit of the adverse party and not for the benefit of the one who fails to perform his part.''

In 39 Cyc., at page 1343, another statement of the law is made: ''Ordinarily it is held that provisions of this character are for the benefit of the vendor alone, who may insist upon them or not at his option, and that consequently a default in payment by the purchaser will not terminate the contract so as to preclude an action by the vendor for the purchase money.''

In the case of *Canfield* v. *Westcott*, 5 Cow. (N. Y.) 270, the court says that the forfeiture clause is for the benefit of the vendor, and that should the vendee default the vendor might, therefore, consider the agreement void at his own election, or affirm it and bring action upon the covenants. The forfeiture clause in that case was as follows: '' * * * The said Daniel [the defendant] hereby agrees, that should he fail in performing any part of the above covenants, that this contract shall become void, and of no effect; and that the said party of the second part [the testator] shall and may re-enter, and take possession of the said premises, without hindrance and molestation.'' This case was decided in 1826, and has been generally followed since. The forfeiture clause, it will be noted, is similar to the one in the case at bar. In 1833, the same principle was followed in Maine in *Manning* v. *Brown*, 1 Fairf. (10 Me.) 49, and has been upheld in the following cases: *Wilcoxson* v. *Stitt*, 65 Cal. 596, 52 Am. Rep. 310, 4 Pac. 629; *North Stockton Town Lot Co.* v. *Fischer*, 138 Cal. 100, 70 Pac. 1082, 71 Pac. 438; *Fouts* v. *Foudray*, 31 Okl. 221, Ann. Cas. 1913E, 301, 38 L. R. A. (n. s.) 255, 120 Pac. 960; *Chambers* v. *Anderson*, 51 Kan. 385, 32 Pac. 1098; *Westervelt* v. *Huiskamp*, 101 Iowa, 196, 70 N. W. 125; *Lane* v. *Manning*, 8 Yerg. (Tenn.) 435, 29 Am. Dec. 125; *Korman* v. *Trainer*, 258 Pa. 362, 101 Atl. 1051; *Cape May Real Estate Co.* v. *Henderson*, 231 Pa. 82, 79 Atl. 983.

In the case of *North Stockton Town Lot Co.* v. *Fischer*, *supra*, the court says: ''The forfeiture clause was for the

exclusive privilege of the vendor, to be exercised or not, at its option. It is said in 2 Warv. Vend., section 818: 'Lapse of time alone will not put an end to a contract for the sale of land, conditioned to be void, at the election of the vendor, upon the failure of the vendee to fulfill the covenants, conditions, and agreements thereof; for time is not of the essence of the undertaking to pay money by such a contract, and default in payments must be followed by some act of the vendor indicating his election to consider the contract at an end. Notwithstanding the vendee may be in default, yet, if the vendor does not see fit to exercise his option of forfeiture, the contract will remain in full force; and, even if time is of the essence of the contract, the vendor may waive the forfeiture by continuing and acting upon the contract.' In *Newton* v. *Hull*, 90 Cal. 494, 27 Pac. 429, it was held that a provision for forfeiture in a similar contract for the sale of land was for the benefit of the vendor, and it was said: 'It does not follow that the defendants could work a rescission of the agreement, or avoid their obligation to pay the purchase money, by simply refusing to pay it, or by delaying payment thereof until after it became due.' "

We are of the opinion that the forfeiture clause in the contract of sale was for the benefit of the vendor; and that the failure of the vendee to make the payments when due did not render the contract void so as to preclude an action for the purchase price of the real estate or so much thereof as was due when this action was commenced.

The objection to the introduction of evidence should have been overruled. We therefore recommend that the judgment appealed from be reversed and the cause remanded for further proceedings.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause remanded to the district court for further proceedings.

*Reversed and remanded.*