### SWEET, Respondent, v. PURINTON, Appellant.

### (166 N. W. 161.)

(File No. 4063.   Opinion filed January 18, 1918.)

1. **Trials—Trial Variant From Pleadings—Findings on Issues Tried, Propriety of.**

   Where from the record on appeal it appears that some findings were made at variance with the theory of the pleadings, but that the findings harmonized with the issues actually tried without objection by either party, held, that a trial court should make findings on theory actually tried out by the parties, where neither party objected thereto, although the theory so voluntarily tried out might vary from that of the pleadings.

2. **Trials—Trial and Findings Variant From Pleadings—Court's Duty on Appeal re Theory of Case**

   The Supreme Court cannot and should not place itself in attitude of doctoring up a case for either side and sending it back for new trial on some other and better theory on which it might have been tried in first instance; it can only deal with case as actually tried and as it appears from record on appeal.   So held, where, in a suit to quiet title, trial court made findings harmonious with an issue as tried out without objections from either party but variant from theory of pleadings.

3. **Quieting Title—Default Under Sale Contract For Half Interest, Whether Forfeiture Follows?—Whether an Option Contract—Whether Vendor an Equitable Mortgagor.**

   Under a contract of sale of a half interest in realty, part payment being made by vendee who went into possession, having given a note for balance of purchase money, deed in escrow being deposited for delivery on payment, he'd, that the transaction did not result in creating an equitable mortgage; the relation in equity of mortgagor and mortgagee not existing.   Held, further, that the contract was more than a

2—Vol. 40, S. D.

mere unilateral option to purchase land; it was a vendor's and vendee's executory contract whereby vendor agreed to convey legal title upon complete payment of purchase price.

4. **Vendor and Purchaser—Part Payment, Vendee in Possession—Deed in Escrow—Default—Equitable Title, or Interest, in Vendee?, Condition for Vesting—Protection of Interest.**

Under a contract of sale of a half interest in realty, with part payment and possession given purchaser, title deed being deposited in escrow for delivery on full payment, vendee having defaulted, held, that it is only when purchaser performs or tenders full performance of acts entitling him to a deed conveying legal title, that he becomes vested with an equitable title; that when vendee in possession has performed in part, he acquires an equitable interest in the land, which courts will consider and protect, although vendee has not acquired an equitable title.

5. **Same—Possession in Vendee—Legal Title as Drawing Legal Possession—Rule.**

It is a rule of universal observance that legal title to land draws to it legal possession, and that such rule is applicable to questions growing out of relation of vendor and vendee. So held, where vendee in possession under contract of purchaser of half interest in land, having made part payment, defaulted on balance; title deed being placed in escrow for delivery on completed payment.

6. **Quieting Title—Vendee in Possession Pending Full Payment—Default—Vendor's Remedy Re Quieting Title—Vendee's Status.**

It is a valid rule of procedure that an action to determine adverse claims or interests in realty, in matters of ejectments, such as exists in this state, is maintainable by vendor as a remedy in all cases where vendee is in possession under a contract under which vendee has made part payment and defaulted on balance; in which case vendee forfeits benefit of the contract and cannot avail himself of it in defense to such action, although courts will consider the equitable interest of such vendee in possession with part performance.

7. **Vendor and Purchaser—Vendee in Possession, Default in Final Payment—Vendor's Optional Remedy, Specific Performance, Recovery of Possession, or Statutory Foreclosure—Statutory Remedy Cumulative.**

Where vendee of realty who is in possession under part payment, has defaulted on final payment, vendor has an optional remedy, either to sue for specific performance, bring suit for recovery of land, or under the statute (Laws 1913, Ch. 138) foreclosure of adverse rights of vendee under the

contract; which last mentioned remedy is cumulative and declaratory of pre-existing remedies.

8. **Same—Quieting Title—Default of Vendee in Possession—Time Not of Essence—Decree Fixing Time For Performance— Rule.**

In whatever form vendor may seek his remedy, where vendee has failed to comply with terms of realty sale contract, and where time is not of essence thereof, or has been waived, the usual rule of equity courts, in terminating vendee's equitable interest, is to fix by terms of decree some reasonable stated time, with notice, within which vendee must comply with contract, and upon failure to comply, judgment will be entered against him barring and foreclosing his rights and equities thereunder; the decreeing of such terms being necessary to fully terminate and bar vendee's equities. In case of default in compliance with such terms decree should award possession of land to vendor.

9. **Vendor and Purchaser—Vendee in Possession—Default in Payment—Quieting Title, Costs, Adjustment of.**

In a suit to quiet title under sale of realty with part payment, vendee being in possession but having defaulted on final payment, trial court having found that vendee had defaulted in payment of balance of purchase price, as per contract and wrongfully withholds possession from vendor, that vendor was entitled to a certain sum for use of premises by vendee, and that vendee was entitled to return a part payment by him made, with interest, and for improvements and work done by him upon the premises, **held**, time not being of essence of the contract, judgment below should be modified to fix reasonable time within which vendee may fully comply with terms of contract, in default of compliance with which, judgment to be entered barring vendee's rights, etc., and awarding possession to vendor; and that vendee pay all costs of suit, including those on appeal; but that in case of compliance therewith by full payment, then no costs shall be taxed by either party, either below or on appeal; and also in case vendee complies with contract, all rights and equities relative to joint interest of the parties (sale having been for a half interest in the land), and for accounting, shall in no manner be concluded by the judgment, but same shall be left open for future adjustment; costs on appeal to be taxed in favor of vendor, unless vendee fully complies, etc., in which latter event costs to be taxed in Supreme Court shall be thereby vacated and extinguished, as well as all costs taxed below; but if vendee appellant fails to comply therewith, then judgment appealed from is affirmed with costs to vendor.

Whiting, P. J., concurring specially.

Appeal from Circuit Court, Meade County. Hon. Levi Mc-Gee, Judge.

Action by Gilbert E. Sweet, against E. Purinton, to quiet title to realty, a half interest in which was sold by plaintiff to defendant. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Judgment modified with directions.

*Harry P. Atwater,* for Appellant.

*Martin & Mason,* for Respondent.

(3) To point three of the opinion, re option contract appellant cited: 6 Words & Phrases, p. 5001; McMillan v. Philadelphia Co., 28 Atl. 220; 2 Words & Phrases, p. 1534; 39 Cyc. 1179-80; 27 Cyc. 981; Bank v. Edgar, (Nebr.) 91 N. W. 404; 29 Am. & Eng. Enc. of Law, pages 770-772; Phillips v. Gross, (S. D.) 143 N. W. 373.

Respondent cited: Gira v. Harris, 14 S. D. 537.

(4) To point four of the opinion Appellant cited: Brickell v. Atlas Assur. Co., (Cal.) 101 Pac. 16; Gira v. Harris (S. D.) 86 N. W. 625; Lumber Co. v. Claflin (N. D.) 113 N. D. 1036.

(7) To point seven of the opinion, re foreclosure, Appellant cited: 11 Am. & Eng. Encyc. Law, p. 129, and cases cited.

(8) To point eight of the opinion, Respondent cited: Button v. Shroyer, 5 Wis. 598; Baker v. Beach, 15 Wis. 99; 6 Pom. Equity, Sec. 862; Philip v. Gross, 32 S. D. 438, 455.

McCOY, J. This action was instituted to have the title to certain lands quieted in plaintiff and for a decree in ejectment against defendant, and also to recover the sum of $2,000 as rents and profits for the use of said land. The answer alleged that plaintiff, being the owner of the legal title, entered into an agreement with defendant whereby the defendant was to purchase a one-half interest in said land, and that at the time of entering into said agreement the defendant paid to plaintiff $1,000 in cash, and executed a note for the sum of $3,850 payable to plaintiff, and that the plaintiff then and there executed a deed to the defendant for an undivided one-half interest in said land, and which note and deed were then placed in escrow in the Meade County Bank of Sturgis; that defendant by the terms of said agreement was to have the management of said real estate; and that the proceeds of said property should be divided between the plaintiff and

defendant. The defendant also interposed a counterclaim for certain moneys advanced, and for the value of one-half of certain work and labor done and performed by defendant in the improvement of said property. The plaintiff replied, setting up certain other obligations claimed to be due him from defendant.

It appears from the evidence that on the 1st day of April, 1910, the plaintiff was the owner in fee of the legal title of said lands, and on that date entered into an agreement with defendant whereby he agreed to sell an undivided one-half interest therein to defendant for the sum of $4,850, and that defendant then and there paid $1,000 of said purchase price, and that a note for $3,850, according to the terms thereof payable on or before two years from the said date with interest at the rate of 8 per cent. per annum, was then and there executed by defendant and placed in the custody of the Meade County Bank, together with a deed executed by the plaintiff to defendant as grantee of an undivided one-half interest in said land; and along with said deed and note was a written memorandum which, among other things, stated that said bank should hold said deed and note, and that said bank should deliver and turn over said deed to the defendant upon his payment of said note, and which memorandum was executed and signed by plaintiff and said bank. It further appears from the evidence that immediately upon the entering into of said contract the defendant entered into the possession of said real estate, which consisted of about one section of farm and pasture lands, and has ever since been in the use and occupation thereof; that no payments have ever been made by the defendant upon said note; that whatever proceeds have been derived from said farm have been appropriated and kept by defendant; that said defendant made some improvements upon said land; and that plaintiff from time to time assisted in improving said lands.

The trial court made findings substantially as follows: That on the 1st day of April, 1910, at all times thereafter, and at this time, the plaintiff is the owner of the legal title in fee of the whole of said lands in question; that the defendant has no right, title, or interest or lien or incumbrance upon said real property; that defendant is now in possession of said premises and has been in possession thereof since April, 1910; that he entered into possession thereof by virtue of an option contract to purchase

the same, paying $1,000, the balance of $3,850, as evidenced by said note, to be paid in two years from the 1st day of April, 1910; that said note and a deed to defendant were placed in escrow, said deed to be delivered to defendant upon the payment of said note; that defendant has failed and refused and still fails and refuses to pay said note, being the balance of said purchase price, within the time provided for by the terms of said note and agreement, or within a reasonable time thereafter, and that said defendant now wrongfully withholds the possession of said premises from plaintiff; that the plaintiff is entitled to the possession of said property and is also entitled to the sum of $2,100 for the use of said premises during the time defendant has been in possession thereof, and that plaintiff is entitled to recover from defendant $280 for the use of other lands; that defendant is entitled to the return of the $1,000 paid to plaintiff with interest thereon, the whole of which now amounts of $1,415, and that defendant is also entitled to recover from plaintiff $568.92 for improvements and work done upon said premises; that there is a balance due plaintiff from defendant in the sum of $396.08. Upon said findings of fact judgment was rendered decreeing plaintiff to be the sole owner of the legal title in fee of the whole of said lands, and that he recover the immediate possession thereof from defendant, and that plaintiff also recover from defendant the sum of $396.08. From which judgment the defendant appeals.

[1, 2,] From an inspection of the record it is evident that the issues were framed and the case tried with but little regard for the rules of pleading or evidence. Some findings were made at variance with the theory of the pleadings; but it does appear that the trial court made findings in harmony with the issues as tried out without objection by either party. We are of the opinion that a trial court should make findings on the theory actually tried out by the parties, when so tried out without objection from either side, and although the theory so voluntarily tried out might vary from the theory as made by the pleadings. This court cannot and should not place itself in the attitude of doctoring up a case for either side and then sending the same back for a new trial on some other and better theory on which it might have been tried in the first instance. We can only deal with the case as it was actually tried out and as it appears from

the record before us.  None of the attorneys who now appear in the case took part in the trial below.  There is no question raised in relation to the pleadings or the issues tried out before the trial court.  There is no question raised as to the correctness of the accounting between plaintiff and defendant as made by the findings of the trial court.  The contention of the appellant is that the court erred in finding that the said contract for the purchase of one-half interest in said real estate entered into between plaintiff and defendant was an option contract under which the interest in said land of defendant might be forfeited by reason of his failure to pay the balance of the purchase price according to the terms of said contract; but that the said transaction and agreement to purchase said one-half interest in said real estate and the payment of said $1,000 in cash, the making of said note and deed and the delivery thereof in escrow, and the letting of defendant into the possession of said premises under said contract, constituted an equitable mortgage whereby the said land became security for the payment of said indebtedness, and which equitable mortgage, and the right of redemption therefrom on the part of defendant could only be foreclosed as any other ordinary mortgage.

[3]  We are of the opinion that the said transaction between appellant and respondent did not result in creating an equitable mortgage; that the relation in equity of mortgagor and mortgagee did not exist.  There is nothing in the contract and transaction in question that would constitute the same an equitable mortgage, or would indicate that the parties had any such object in contemplation.

[4-6]  Under such contracts it is only when the purchaser performs or tenders full and complete performance of all the acts necessary to entitle him to a deed and conveyance of legal title that he becomes vested with an equitable title.  Warvelle on Vendors, § 176; Chappell v. McKnight, 108 Ill. 570; National Ins. Co. v. Lumber Co., 217 Ill. 123, 75 N. E. 450, 108 Am. St. Rep. 239.  It seems to be generally held that where, under such contracts, the vendee has performed in part and is let into possession, he acquired an equitable interest in the subject of sale which the courts will take into consideration and protect in cases involving such interests, although the vendee has not acquired

an equitable title. State Bank v. Bienfang, 133 Wis. 431, 113 N. W. 726. It also seems to be a rule of universal observance that the legal title of land draws to it the legal possession, and that such rule is applicable to questions growing out of the relation of vendor and vendee. Section 885, Warvelle on Vendors. And it also seems to be generally held that an action to determine adverse claim or interests in real estate in the nature of ejectment, such as exists in this state, may be maintained by a vendor as an appropriate remedy in all cases where a vendee who has been let into possession under such a contract fails to comply with the terms of the same, as where there has been a default in the stipulated payments; that in such cases the vendee forfeits the benefit of the contract and cannot avail himself of it as a defense to such an action by his vendor, although the courts will take into consideration the equitable interest of such a vendee in possession who has made part performance. Section 886, Warvelle on Venders; Thorne v. Hammond, 46 Cal. 530; Hicks v. Lovell, 64 Cal. 20, 27 Pac. 942, 49 Am. Rep. 682; Dean v. Comstock, 32 Ill. 173; Williams v. Forbes, 47 Ill. 148; Wright v. Moore, 21 Wend, (N. Y.) 230.

[7, 9]  The vendor in all such cases has an optional remedy either to sue for specific performance, bring an action for recovery of the land, or, under the statute of this state, (chapter 138, Laws of 1913), foreclose the adverse rights of the vendee under such contracts. This last-mentioned statutory remedy is cumulative and declaratory of pre-existing remedies. Buckham v. Hoover, 18 S. D. 429, 101 N. W. 28. In whatever form the vendor may seek his remedy, where there has been a failure on the part of the vendee to comply with the terms of his contract, and where time is not of the essence of such contract or has been waived, it has been the usual rule of equity courts in terminating the equitable interest of the vendee to fix by the terms of the decree some reasonable stated time, with notice, within which the vendee must comply with the terms of his contract, and, upon failure to so comply, judgment will be entered against him, forever barring and foreclosing all his equities and rights under such contract. Keator v. Ferguson, 20 S. D. 472, 107, N. W. 678, 129 Am. St. Rep. 947; Speer v. Phillips, 24 S. D. 257, 123 N. W. 722; O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 152; Far-

gusson v. Talcott, 7 N. D. 182, 73 N. W. 207; Boyum v. Johnson, 8 N. D. 306, 79 N. W. 149. Time does not appear to have been made of the essence of the contract in question. No reasonable time was fixed, and notice thereof given, within which the appellant might comply with the terms of said contract for the purpose of terminating his right and equities in said land. We are of the view that this should have been done in order to fully terminate and bar appellant's equities under this contract. Hence we are of the view that the judgment appealed from should be modified by the fixing of some reasonable time not less than 60 days from service of notice thereof, within which appellant may have the privilege of fully complying with the terms of said contract by paying to respondent or his attorneys for him all the principal and interest required to be paid by the terms thereof, and that written notice of such modification be given to defendant or his attorneys for him, and that in case of default in the making of such payment final judgment be then entered, fully terminating and barring all of appellant's rights, interest, and equities in and to said land under said contract, and awarding possession of said land to respondent, all other portions of said judgment to remain as they now are, and that appellant pay all the costs of this action, including costs of this appeal; but in case appellant complies with the terms of said contract by making full payment of all sums due and unpaid under the terms thereof, then a money judgment only shall be entered in favor of respondent for the amount found to be due by the findings of the trial court for the value of the use of other lands of respondent not included within the terms of said contract. In case appellant complies with the terms of said contract, no costs shall be taxed by either party, including costs on appeal, and also in case appellant complies with the terms of said contract all the rights and equities in relation to their joint interest and accounting shall in no manner be concluded by the judgment in this action, but the same shall be left open for future adjustment between them.

Costs on this appeal shall be taxed by the clerk of this court in favor of respondent, but in case appellant complies with and fully performs all the conditions of said contract by paying all principal and interest due thereon, then the costs taxed in this court shall be thereby vacated and extinguished, as well as all

costs that may have been taxed in the lower court against appellant; but if appellant fails to comply with the terms of said contract within the time aforesaid, then the judgment appealed from is affirmed, with all costs in favor of respondent.

The order denying a new trial is affirmed. The cause is remanded with directions to modify the judgment appealed from in such manner as is indicated by this opinion, and so modified it is affirmed; that is, in case appellant makes default in complying with said contract then the judgment appealed from is affirmed in whole; but in case appellant complies with said contract then the judgment appealed from is vacated and set aside, excepting the money judgment portion thereof for the value of the use of other lands not mentioned in said contract.

WHITING, P. J. (concurring specially). While I concur fully in the construction which the majority have placed upon the contract entered into by the parties hereto, as well as in the holding that foreclosure under chapter 138, Laws 1913, is the proper remedy, I am unable to agree in full with what my colleagues have held. The trial court, construing the contract as a mere option that was forfeited by failure to pay the note when due, held that, from time of such forfeiture, appellant was liable for the reasonable value of the use of the premises, and was entitled to credit for the payment he had made and for the value of the improvements he had placed upon the premises. Without determining whether, if this had been an option contract, the trial court's adjustment of credits would have been right, we need only consider what were the rights of the parties under this contract—it is their rights and obligations thereunder, both in case of performance by appellant and in case of nonperformance, that we must determine.

Inasmuch as this contract related to but a half interest in the land covered thereby, appellant, in any case, is liable for one-half the value of the use and occupation of such land, and entitled to be credited with one-half the value of improvements placed thereon by him. As to these matters the contract for sale and purchase has no relation whatsoever.

But as to the half interest contracted to be sold and purchased, the rights of these parties should be exactly what they would be under any ordinary contract of sale and purchase under

which the vendee enters into and holds possession. In such case the vendee is not entitled to any credit on the purchase price for improvements made by him, neither can be he holden for the use of the land even when he fails to make payment.

If I am correct in the above, it follows that my colleagues are in error in holding that, in case appellant fails to make payment within the time fixed therefor, the judgment of the trial court should be affirmed. Such judgment, so far as it relates to the rights and liabilities under the contract, is fundamentally wrong, being based upon an entirely erroneous theory of the contractual rights of these parties.

The judgment of the trial court should be reversed, with costs in favor of appellant. The trial court should be directed to determine the amount due under the contract, which is the amount of the note and interest, to decree strict foreclosure unless payment is made within time fixed, and to decree that, in case of failure to make payment within such time, appellant be foreclosed as to all rights in such land. As regards the other half interest in the land covered by the contract for sale, as well as the other lands, the findings and conclusions of the trial court should be affirmed, except that the charge of $2,100 should be $1,050, the credit of $1,000 should be eliminated, and the credit of $568.92 changed to $284.46.