WANDELL, RESPONDENT, v. JOHNSON, APPELLANT.

(No. 5,471.)

(Submitted June 18, 1924.  Decided June 30, 1924.)

[227 Pac. 58.]

*Vendor and Purchaser—Executory Land Contracts—Mutuality of Obligation—Breach by Purchaser—Remedies.*

Contracts—Mutuality of Obligation an Essential Element.
1.  Mutuality of obligation is an essential element of an enforceable contract, and is lacking when only one of the contracting parties is bound to perform.

Same—Bilateral or Unilateral—Intention of Parties—How Gathered.
2.  Whether a contract is bilateral or unilateral depends upon the intention of the parties, and, when in writing, the intention is to be ascertained from the writing alone, if possible; otherwise the usual rules of construction must be applied to ascertain it.

Same—Mutuality—Rule of Construction.
3.  A contract should be so construed as to make the obligations imposed by its terms mutually binding upon the parties, unless such construction is negatived by the language used.

Same—Mutuality may be Implied.
4.  To supply the necessary element of mutuality, it is not necessary that there be an express promise to perform by one party or the other to a contract, it being sufficient if upon a fair consideration of the agreement such a promise can be implied.

Same—Construction—Words Having More Than One Meaning.
5.  Where a word ("if") has more than one meaning, the particular meaning to be assigned to it in the construction of a writing depends upon its association with other terms employed in the instrument.

Real Property—Executory Contract of Sale—Mutuality of Obligation—Construction of Writing.
6.  An executory contract of sale of land providing that *if* the purchaser should first make certain deferred payments, the vendor "hereby covenants and agrees to convey," *etc., held* not open to the objection that it lacked mutuality in that the vendor agreed only to sell if the purchaser first performed fully and that, payments not having been made, the agreement never came into existence and the vendor incurred no liability whatever; since the word "if" in addition to importing a condition also has the meaning of "at the time when, whenever" and, giving it the latter meaning, the contract in effect provided that the vendor would make conveyance whenever the purchaser had fully performed, rendering it unobjectionable as respects mutuality.

Same—Executory Contract of Sale—Equitable Title in Purchaser.
7.  Under an executory contract of sale of land, the vendor parts with and the purchaser acquires the equitable title.

---

1.  Mutuality of obligation where one party to obligation is not definite and certain, see note in 1 L. R. A. *(n. s.)* 445.

Same—Forfeiture of Contract—Mutuality Unaffected.
8. The fact that a contract for the sale of land provides for the forfeiture of the contract and of all payments made upon the purchase price does not affect its mutuality.

Same—Provision for Forfeiture of Contract and Payments not Bar to Action to Recover Purchase Price.
9. Where a contract for the sale of land providing that upon default by the purchaser to make deferred payments the vendor may at his option declare a forfeiture of the contract and the payments already made does not provide that the remedy by forfeiture shall be exclusive, the vendor may proceed by action for the recovery of the purchase price or so much thereof as was due at the commencement of the action, notwithstanding the provision for forfeiture.

*Appeal from District Court, Richland County; Frank P. Leiper, Judge.*

ACTION by Axel Wandell against A. F. Johnson. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. Carl L. Brattin* and *Mr. L. V. Ketter* of Counsel, for Appellant, submitted a brief; *Mr. Albert H. Angstman,* of Counsel, argued the cause orally.

*Mr. C. E. Collett,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in 1923 to recover installments alleged to be due upon the purchase price of real estate. The plaintiff prevailed in the lower court, and defendant appealed from the judgment.

In January, 1919, the parties to this action entered into an agreement in writing the material portions of which are the following:

"If the said party of the second part [defendant Johnson] shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part [plaintiff Wandell] hereby covenants and agrees to convey and assure to the said party

of the second part, in fee simple, clear of all encumbrances whatever by a good sufficient deed" 163.73 acres of land in Richland county, particularly described. "And the said party of the second part, hereby covenants and agrees to pay to the said party of the first part the sum of forty-eight hundred dollars" as follows:

"The sum of $480.00 on the first day of November, 1920, and the sum of $480.00 on the first day of November of each and every year following until the full amount due under the terms of this contract shall have been paid, with interest at the rate of six per cent per annum, payable annually, on the whole sum remaining from time to time unpaid; and to pay all taxes, assessments, or impositions that may be legally imposed upon said land, subsequent to the year 1917. And in case of failure of the said party of the second part to make either of the payments, or interest thereof or any part thereof, or perform any of the covenants on his part hereby made and entered into, then the whole of said payments and interest shall, at the election of said first party become immediately due and payable, and this contract shall, at the option of the party of the first part, be forfeited and determined by giving to the said second party thirty days' notice in writing," which notice "shall be sufficient to cancel all obligation hereunto on the part of the said first party and fully reinvest him with all right, title and interest hereby agreed to be conveyed, and the party of the second part shall forfeit all payments made by him on this contract, and all his right, title and interest in all buildings, fences or other improvements, whatsoever, and such payments and improvements shall be retained by the said party of the first part, in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid."

It is admitted that Johnson took possession of the land immediately upon the execution of the contract and retained possession thereafter; that he paid the interest and $438 upon

the first installment of the principal, but failed to pay anything further.

It is the contention of the defendant that the agreement lacks mutuality of obligation, and in any event forfeiture of the contract, retention of the money paid, and re-entry into possession constitute the only remedy available to plaintiff.

1. The contention that the agreement lacks mutuality is predicated upon the language employed in the first paragraph quoted above. It is insisted that Wandell did not bind himself to sell the land, but agreed only to sell if Johnson first performed fully all the terms mentioned to be performed by him, and since Johnson failed to perform fully, Wandell never assumed any liability whatever.

Speaking generally, mutuality of obligation is an essential **[1, 2]** ingredient of an enforceable contract (*Raiche* v. *Morrison*, 37 Mont. 244, 95 Pac. 1061), and mutuality is lacking, of course, when only one of the contracting parties is bound to perform (6 Cal. Jur. 211; 13 C. J. 331). Whether a contract is bilateral or unilateral depends upon the intention of the parties, and when, as in this instance, the contract is in writing, the intention is to be ascertained from the writing alone, if possible (sec. 7530, Rev. Codes); that is to say, the language of the contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity (sec. 7529).

No one would have the temerity to suggest that the language of this agreement is either clear or explicit. Indeed, it would be difficult to conceive of a contract expressed more clumsily; hence we are required to resort to the usual rules of construction to ascertain, if possible, what the parties meant by the language they employed. (Sec. 7528.)

It is a general rule that "a contract should be construed in **[3]** such a way as to make the obligations imposed by its terms mutually binding upon the parties, unless such construction is wholly negatived by the language used." (*Minnesota Lumber Co.* v. *Whitebreast Coal Co.*, 160 Ill. 85.

31 L. R. A. 529, 43 N. E. 774; 13 C. J. 539; sec. 7534, Rev.
Codes.)

Paraphrased, the first provision of this agreement declares
[4–6] that if Johnson first performs all the terms by him
to be performed, Wandell will convey the land by good and
sufficient deed. Defendant lays much emphasis upon the
word "if," and though primarily it imports a condition
(*Alexander's Estate,* 149 Cal. 146, 85 Pac. 308), it means
"at the time when; whenever" (Funk & Wagnall's Standard
Dictionary); and the particular meaning assigned to it will
depend upon its association with other terms employed in the
same instrument (*Sutton* v. *West,* 77 N. C. 429). That John-
son was absolutely bound to pay the purchase price of the
land does not admit of doubt; and while it is true that Wan-
dell did not in express terms agree to sell, the only fair infer-
ence from the entire agreement is that both parties intended
that he should do so and understood that he promised to do
so. In 39 Cyc. 1207, the general rule immediately applicable
is stated as follows: "Where there is a promise to sell or to
purchase, as the case may be, it is not necessary in order that
there may be mutuality that there shall be an express promise
on the other side, but it is sufficient if upon a fair considera-
tion of the agreement such a promise can be implied."

These parties did agree expressly that if Wandell elected
to declare a forfeiture of the contract for breach by Johnson,
thirty days' notice should be sufficient for that purpose and
sufficient to reinvest Wandell "with all right, title and inter-
est *hereby agreed to be conveyed.*" If this is an executory
[7] contract for the sale of the land, Wandell parted with
and Johnson secured the equitable title. (39 Cyc. 1302.) If
defendant's theory be accepted, Wandell did not part with
anything; but to say that he did not part with anything does
violence to the language employed, for in that event there
would not be anything with which he could be reinvested.
Furthermore, Johnson went into possession and paid a part
of the purchase price, which was accepted by Wandell. These

considerations lead us to the conclusion that the parties intended this agreement to be an executory contract for the sale of the land in question; that Wandell bound himself to sell and that the execution and delivery of the deed only were contingent upon Johnson performing his part of the contract; in other words, that the initial provision of the contract means that *when* Johnson fully performed, Wandell would execute and deliver the deed (*Sharp* v. *Behr* (C. C.), 117 [8] Fed. 864), and the fact that the agreement provides for a forfeiture of the contract and of all payments made upon the purchase price does not affect the mutuality of the obligation (*Le Vine* v. *Whitehouse,* 37 Utah, 260, 109 Pac. 2).

2. It is contended further that the contract itself provides [9] an exclusive remedy, hence plaintiff cannot maintain this action, and *Wing* v. *Brasher,* 59 Mont. 10, 194 Pac. 1106, is relied upon to support the contention. In the case cited the contract specifically provided certain remedies for the vendor in case of the vendee's default, and concluded: "And that should the said party of the second part [vendee] default in any payments that may become due and payable under this contract, this contract shall be the only course of settlement thereunder." No such provision is contained in the contract now before us. On the contrary, the right to declare a forfeiture of the contract and payments already made is expressly declared to be "at the option of the party of the first part." In *Alexander* v. *Wingett,* 63 Mont. 254, 206 Pac. 1087, the contract involved provided for a forfeiture in case of default by the vendee, but did not provide that the remedy by forfeiture should be exclusive. In disposing of the same contention as that now made, this court said: "We are of the opinion that the forfeiture clause in the contract of sale was for the benefit of the vendor; and that the failure of the vendee to make the payments when due did not render the contract void so as to preclude an action for the purchase price of the real estate or so much thereof as was due when this action was commenced." The decision in that case is conclusive upon the question now under consideration.

The provisions of the contract that the payments made by Johnson and the improvements placed upon the land by him "shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid," could become operative only in the event that Wandell elected to declare a forfeiture. The language is too plain to admit of controversy over its meaning. A forfeiture was not declared; hence Wandell was free to treat the contract as in full force and recover the amount of the installments then due. (*Rock Island L. & M. Co.* v. *Fairmount Town Co.*, 51 Kan. 394, 32 Pac. 1100; *Rourke* v. *McLaughlin*, 38 Cal. 196.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the foregoing decision.