JOSEPHINE JENSEN AND CLARENCE J. JENSEN, PLAINTIFFS AND RESPONDENTS, v. KENNETH J. SIRE AND JESSIE T. SIRE, DEFENDANTS AND APPELLANTS.

No. 10124.
Submitted May 2, 1960. Decided May 27, 1960.
352 Pac. (2d) 263.

Jones, Olsen, Dowlin & Pease, Billings, for appellants.

Harlow Pease and Paul G. Olsen argued orally for appellants.

Jeremy G. Thane, Missoula, argued orally for respondents.

MR. CHIEF JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiffs tried before the court without a jury. The record on appeal consists of the judgment roll, and the specifications of error go to the ruling on demurrer and entry of judgment as to whether or not a cause of action was stated in the complaint.

The complaint was for a balance due with interest on a contract of sale and purchase of certain chattels, consisting mainly of farm machinery and leases of real estate. The contract was set out *in haec verba*. The complaint alleged that the defendants took possession of the property, paid the down payment of $7,000, and a further payment of $3,000 due on January 1, 1956, but failed to make the other two payments provided in the contract of $3,000 on January 1, 1957. and $2,000 due on January 1, 1958. The complaint was filed April 30, 1958, and was for the principal sum of $5,000.

As stated by the appellants, defendants below, the whole case on appeal is contained in the contract which was pleaded by respondents and admitted by appellants, and in the failure of the complaint to allege (1) that the notice of default was given and 30 days ran before action commenced, and (2) failure to allege that there was any repossession or attempt to repossess or otherwise to exhaust security, before action commenced. Or stated another way, were the respondents limited in their remedy to repossession of the security under conditions of the contract and were they obligated to give 30 days written notice even after the entire amount had become due?

The paragraphs of the conditional sales contract which give rise to the questions are:

"(6) It is further agreed that time is of the essence of this contract. That if the second parties default in making the payments or any payment above, or in complying with any of the terms hereof, or if the first parties deem the property, or any part thereof, in danger of confiscation or misuse, this contract shall be considered in default and the full amount remaining unpaid, shall be immediately due and payable, and the first parties or their assigns, or the Sheriff in the County in which said property may be, or any officer of the law, may take immediate possession of said property without demand, and for this purpose may enter upon the premises where said property, or any part thereof, may be, and may remove the same and may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the second parties, with or without having such property at the place of sale; or the Sheriff of the County in which said property, or any part thereof, may be, upon request of the first parties, and the delivery to said sheriff, or any other officer of the law, of a copy of such contract, note or instrument, certified to by the County Clerk and Recorder or Registrar of Motor Vehicles where the same is on file as

being a true copy, is hereby authorized to take possession of such property in case of such default, and sell the same after notice given thereof, for such time and in the manner provided by law for Sheriff's sale of personal property under execution, and apply the proceeds thereof, first to the payment of the expenses of such sale, and second to the payment of the amount due on said contract, note or instrument, and the remainder, if any, shall be paid to the second parties. The first parties or their assigns shall deduct all expenses of retaking, repairing and selling said property, including a reasonable attorney fee, and in case of any deficiency second parties shall pay the same with interest at the legal rate.''

''(15) That notwithstanding anything hereinbefore contained to the contrary, that in the event of default hereunder by second parties in making any of the payments, or interest thereon, or any part thereof, or to perform any of the covenants on their part hereby made and entered into, then and in such event, the first parties may, as aforesaid, after giving to second parties 30-days written notice of such default, declare the entire unpaid balance of the purchase price as herein specified, with interest, to be immediately due and payable; and that, unless the delinquent payment, with interest, be made, or default in the covenant herein corrected, within the aforsesaid 30-day grace period, then this contract shall stand annulled and terminated as to first parties and first parties shall be entitled to proceed as hereinbefore set forth in paragraph numbered 6.''

''(17) Further, that in the event of default by second parties hereunder, second parties agree that in the event the said default is not corrected within the aforesaid 30-day period that they will execute and deliver to first parties a valid first chattel mortgage on the growing crops during the year in which said default occurs. Second parties agree

to execute a chattel mortgage in favor of first parties conveying the 1955 crops, as additional security hereunder.''

We note that there is no question of forfeiture or acceleration of payments involved. The complaint sought a remedy of payment of the entire amount due under the contract after all payments became due.

It is the appellants' position that paragraph 15 makes the remedy contained in paragraph 6 exclusive and further requires 30-day notice.

This court has said in J. M. Hamilton Co. v. Battson, 99 Mont. 583, 591, 44 P.2d 1064, 1067, 101 A.L.R. 520, that ''It was nowhere provided in the contract in direct terms that the remedies therein mentioned were deemed to be exclusive. Where a contract specifically provides that the remedies enumerated therein shall be the only course of settlement thereunder, a party to it is limited to the remedies provided therein. Wing v. Brasher, 59 Mont. 10, 194 P. 1106. *Although, when a contract provides for a definite and specific remedy in the case of breach, without any limitation making such enumerated remedy or remedies exclusive, a party is entitled to pursue the remedy specified in the contract, he may also pursue any other remedy which the law affords, in addition to those provided for in the contract.* Alexander v. Wingett, 63 Mont. 254, 206 P. 1088; Wandell v. Johnson, 71 Mont. 73, 227 P. 58.'' Emphasis supplied. The foregoing quotation was relied upon by the district court in its memorandum.

In the case of White v. Jewett, 106 Mont. 416, 420, 78 P.2d 85, 87, this court said:

''Although the remedy by cancellation is mentioned in the contract in question, it is not there declared to be the exclusive remedy. *A party may pursue any remedy which the law affords in addition to the remedy provided by the contract, unless it declares the remedy to be exclusive.* J. M. Hamilton Co. v. Battson, supra''. Emphasis supplied.

The foregoing principle is well-established. Thus we look to the provisions of the contract as shown in the previously quoted paragraphs. Obviously, the remedy of paragraph 6 is not made exclusive in so many words. Paragraph 15 reads in part, ''That notwithstanding anything hereinbefore contained to the contrary, that in the event of default hereunder by the second parties * * * the first parties may, as aforesaid, after giving to second parties 30-days written notice of such default, declare the entire unpaid balance * * * to be immediately due and payable''.

This surely could not apply except as an acceleration clause, but as said before we are not concerned here with any acceleration of payments. The suit for the entire balance due was not brought until after all payments were due. It seems, too, that paragraph 17 strengthens the version that the 30-day notice provision and the remedy contained in paragraph 6 were not intended nor worded to be exclusive remedies.

Under the facts of this case, where suit is brought after all payments become due under a conditional sales contract and where the contract does not delineate an exclusive remedy by its terms, suit may be brought for the balance due as was done here.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and ANGSTMAN concur.

MR. JUSTICE BOTTOMLY not participating.