Joe M. MIDDLETON and Susan M. Middleton, Plaintiffs and Appellees,

v.

E. Boyd KLINGLER and Norman E. Durr, Defendants and Appellants.

No. 15538.

Supreme Court of South Dakota.

Considered on Briefs April 24, 1987.

Decided July 29, 1987.

Richard A. Pluimer, Thomas E. Carr, on the brief, of Carr & Pluimer, P.C., Belle Fourche, for plaintiffs and appellees.

Harlan A. Schmidt, Spearfish, for defendants and appellants.

WUEST, Chief Justice.

The sellers brought an action for the breach of two contracts for deeds seeking specific performance, damages and foreclosure of the contracts. The circuit court granted sellers' motion for summary judgment, and entered a judgment and decree of specific performance. Buyers appeal and we affirm.

The dispute centers on the effect of the default provisions in the two contracts for deeds between the parties. The default provisions of the contracts were identical and provided as follows:

> Time is of the essence of this agreement, and should the Buyers default in any way in making payments on the balance due to the Sellers herein or should the Buyers default in failing to pay the taxes when due or should the Buyers default in any other manner, the Sellers herein shall then give to the Buyers written notice of the nature of the default, and the Buyers shall then have a period of sixty (60) days thereafter in which to correct such default. All notices of default shall be given by the Sellers to the Buyers by certified mail, or by actually delivering the same to the buyers herein. In the event that a default has occurred and the notice of default has been given, and in the event the default is not corrected within the sixty (60) days thereafter, Sellers may deem this contract cancelled and as null and void and with the immediate right thereupon to take possession of said premises and to retain all payments therefor made by Buyers to the Sellers and to treat said payments as liquidated damages and reasonable rental for the use of said property. In the event the Buyers should refuse to deliver possession, the Sellers may foreclose this contract as provided by the laws of the State of South Dakota or may use such other remedy or remedies as may be authorized by law. Failure on the part

of the Buyers to make the payments as provided herein, and in the event of a default on the part of the Buyers and in the event the Buyers have not corrected the default in payment within sixty (60) days following written notice of said default, Sellers may declare the entire balance then remaining due and unpaid to be due and payable forthwith.

No other contract provisions address the rights of the parties upon default of the contract; nor do any other provisions limit the rights of the parties upon default.

The buyers' default arose from their failure to make the 1985 balloon payments required by the contracts. Buyers do not dispute that they were in default in failing to make these payments. On several occasions buyers offered to tender the property back to sellers by deed, once prior to default and twice after default. Sellers refused these offers.

There being no factual dispute about buyers' failure to make the required payments, the question of law is whether the contract provisions or any rule of law entitles the sellers to the remedy of specific performance.[1]

▮▮▮ Buyers contend that the contract in this case, specifically, the fourth sentence of the default clause, limited sellers' remedy to foreclosure because buyers had tendered a deed and possession of the property as set out in this sentence. Their argument, however, focuses on a single sentence while ignoring the other parts of the default clause. Generally, a contract should not be construed merely from its detached portions. *See Eberle v. McKeown*, 83 S.D. 345, 159 N.W.2d 391 (1968); *Bedell v. Steele*, 71 S.D. 609, 28 N.W.2d 369 (1947).

> In construing a contract, disproportionate or undue weight or emphasis should not be placed on particular words, parts, or provisions thereof, to the neglect or

---

1. Sellers' brief appears to argue in part that the remedy of specific performance is not inconsistent with a forfeiture or penalty in the form of liquidated damages, which are also provided for in the default provision. But because the buyers' do not argue that liquidated damages were

not a proper remedy, sellers' argument on this issue is unnecessary. Hence, we do not decide any issue of whether specific performance and a forfeiture or penalty are both remedies that a seller in this position could enforce.

detriment of others; such emphasis does not serve the object of interpretation, and no single part, sentence, or clause, when considered alone, will control. 17A C.J.S. *Contracts* § 297, 127 (1963). In construing the entire default provision we conclude that it gives the sellers the right to possession, and buyers the concomitant obligation to deliver possession, only if sellers elect to "deem this contract null and void." This was simply a reservation of sellers' remedy of the right to possession should they elect to cancel the contract, which in this case they chose not to do.

■■■ Having determined that the default provision reserved sellers' remedy of taking possession, we must determine *what other remedies* they were entitled to. The general proposition is widely accepted that a remedy reserved by a contract does not deprive a party of other lawful remedies.

In most cases in which a special remedy is provided by contract, the issue before the court is not one of "election." Instead, it is whether the remedy so provided is "exclusive" and whether a party should be denied a remedy in damages or other remedy that he is seeking. A common provision is one that gives to a party injured by the other's breach a power to cancel or terminate, with a right to restitution of money paid. The provision takes various forms and is operative in accordance with its own interpretation; but there are many cases holding that the special remedy is not exclusive and sustaining a different remedy.

5A A. Corbin, *Corbin on Contracts* § 1227, 502 (1964); *e.g., Jensen v. Sire,* 137 Mont. 391, 352 P.2d 263 (1960). "Where ... there is no limitation in the contract which makes the remedies enumerated therein exclusive, a party is entitled to the remedies thus specified, or he may at his election pursue any other remedy which the law affords." 1 Am.Jur.2d *Actions* § 31, 567 (1962); *See generally* Annotation, *Contractual Provision as to Remedy as Excluding Other Possible Remedies,* 84 A.L.R.2d 322 (1962). "Even where a contract specifies a remedy which will lie for a breach thereof it is generally held that

other legally recognized remedies are not thereby excluded. [cites omitted]" *Maytag Co. v. Alward,* 253 Iowa 455, 112 N.W.2d 654, 657 (1962). "A contract which excludes some remedy given by law should be so definite and positive in its terms as to show the clear intention of the parties to do so." 17 C.J.S. *Contracts* § 36(2), 655 (1963). Consistent with these principles the Alaska Supreme Court held that sellers' assignee in a contract for deed, who had the right under the terms of the contract to *elect* to cancel the contract and take possession of the property, could still pursue the remedy of a judgment for the amount due and specific performance where the contract did not make the remedies of forfeiture and the right to possession the exclusive remedies. *Lonas v. Metropolitan Mortgage and Securities Co.,* 432 P.2d 603 (Alaska 1967). We conclude from these authorities that merely because the contract mentioned sellers' right to cancel the contract and take possession, without making cancellation the exclusive remedy or excluding any other lawful remedies, the contract did not prevent the sellers from seeking other lawful remedies.

One of the statutory remedies a party to a contract may seek is specific performance of the contract. "The specific performance of an obligation may be compelled, except as otherwise provided in the statutes relating to such remedy." SDCL 21–9–1. Since none of the provisions of this contract expressly deprived sellers of the statutory remedy, they were entitled to pursue it.

■■ The buyers also urge us to apply several rules of construction that are to be applied when some uncertainty, doubt, or ambiguity exists as to the meaning of a contract. But the prerequisite to all of these rules of construction is that some ambiguity or doubt must exist about the meaning of the contract and the intent of the parties. See *Buhl v. Bak,* 400 N.W.2d 903 (S.D.1987); *See generally* 17 Am. Jur.2d *Contracts* §§ 275, 276 (1964). But resolving the parties intent by interpreting what they have actually memorialized is an entirely different matter than simply determining that the parties did not express

their intent at all on a certain matter. *See generally* 3 A. Corbin, *Corbin on Contracts* § 534, 11–15 (1960); 4 S. Williston, *A Treatise on the Law of Contracts* § 600A, 287 (3d ed. by W. Jaeger 1961); J. Calamari & J. Perillo, *Contracts* § 2–13, 45 (1977). Because we are not determining the meaning of what the parties have actually expressed in their contract, but are determining a remedy about which the parties expressed no intent, we need not apply any of the rules buyers urge. See *Buhl, supra.*

Nothing in the contracts prevented sellers from specifically enforcing the contracts, and the trial court properly granted this relief.

The judgment is affirmed.

MORGAN, SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

Vendees' tender of possession of property was simply that and nothing more. Thereby, waste, deterioration, delinquent real estate taxes, or a great depreciation or substantial depreciation in land value would be completely bypassed and vendees would be financially exonerated. To simply hand real estate back, as a vendee, does not, oftentimes, place the vendor in a good position. To the contrary, it can place him in a very bad position. A vendee cannot breach a contract with impunity to avoid not only the principal obligation of the purchase price, but payment of taxes, waste committed on the property, use of the premises, etc. Vendees agreed to pay the total purchase price and to use the real estate "in a good and husbandlike manner," which included keeping the improvements in good repair.

Vendors had an optional remedy. They could sue for specific performance or bring an action for recovery of the land, or foreclose upon the rights of the vendees. Other than settled South Dakota law, which I will cite, I also note that the express terms of this contract provided "or may use such other remedy or remedies as may be authorized by law." In *Jones v. Tschetter*, 46 S.D. 520, 524, 194 N.W. 839, 840 (1923), the South Dakota Supreme Court quoted, with approval, the following language:

> "The vendor in an executory contract for the sale of real property may maintain an action for specific performance, and is not limited to an action for damages for a breach by the vendee, or to an equitable proceeding to foreclose the vendor's lien for the purchase price of the property." ...
>
> ... The practically uniform rule, as laid down by the authorities in cases of this kind, is that, where the vendee of an executory contract for the sale of land refuses to make payment, the vendor's remedy is in equity for specific performance, or at law for damages, or in this state ... for strict foreclosure.... (Citations omitted.)

Also, in *Sweet v. Purinton*, 40 S.D. 17, 24, 166 N.W. 161, 163 (1918), *overruled on other grounds, First Fed. Sav. & Loan Ass'n v. Wick*, 322 N.W.2d 860 (S.D.1982), this Court stated:

> The vendor in all such cases has an *optional remedy* either to sue for specific performance, bring an action for recovery of the land, or, under the statute of this state ... foreclose the adverse rights of the vendee under such contracts. (Emphasis supplied.)

In conclusion, we are confronted with the sole issue of whether specific performance was available to the vendors under the terms of the contracts for deeds. Specific performance was an optional remedy available to them, not only under the law I have cited herein, but under the express terms of the agreement, which I have specifically excerpted.