John and Mary
**LINDERMUTH, Appellants,**

v.

**David Reed MYERS, Gloria June Myers, and Farmers & Merchants Bank, Appellees.**

Civ. No. 87–1039.

United States District Court,
D. South Dakota, N.D.

March 16, 1988.

Paul G. Riley, Aberdeen, S.D., for appellants.

Curt Ewinger, Aberdeen, S.D., for appellees.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

This appeal arises out of a bankruptcy court order disallowing the claim of John and Mary Lindermuth (hereafter Appellants) against the bankruptcy estate of David Reed and Gloria June Myers (hereafter Debtors). A companion appeal objecting to confirmation of the debtors' plan is not dealt with in this memorandum. Instead, this memorandum will deal solely with the question of the Appellants' claim.

Prior to 1981, the Appellants operated a veterinary clinic in Ipswich, South Dakota. On January 19, 1981, Appellants as sellers, and Debtors as buyers, entered into a contract for sale of the clinic personalty, and also for sale of certain realty.

The contract contains a provision which reserves the sellers' right to possession. Specifically, it provides:

> In the case of failure of said BUYERS to either make the payment of principal or the payment of interest thereon, or any part thereof, or perform any of the covenants on their part made and entered into, the whole of said payments and interest *shall at the election of the SELLERS* become immediately payable, and this contract shall, *at the option of the SELLERS*, be forfeited and determined by giving to the said BUYERS thirty (30) days notice in writing of the intention of said SELLERS to cancel and determine this contract, setting forth in said notice the amount due on said contract and the time and place, when and where, payment can be made by said BUYERS.
>
> It is mutually understood and agreed by and between the parties of this contract that thirty (30) days is a reasonable and sufficient notice to be given to said BUYERS in the case of failure to perform any of the covenants on their part hereby made and entered into and shall be sufficient to cancel all obligations hereunto on the part of said SELLERS and fully reinvest them with all right, title, and interest hereby agreed to be conveyed, and the BUYERS shall forfeit all payments made by them on this contract, and their right, title and interest in all buildings and improvements whatsoever, and with the understanding that such payments and improvements shall be retained by the SELLERS in full satisfaction and in liquidation of all damages by them sustained, and they shall have the right to reenter and take possession of the premises of aforesaid including any and all remaining inventory, supplies, equipment, tools, instruments, and fixtures. (emphasis supplied).

Debtors paid the initial payment and the monthly installments as required under the contract until August of 1985. On September 16, 1986, the Debtors filed a bankruptcy petition with the bankruptcy court, Northern Division, District of South Dakota, Chapter 13 of Bankruptcy Code, 11 U.S.C. § 1301 et seq. (1982 & Supp. IV 1986). The Debtors filed a plan with the court on October 24, 1986. In that plan, the Debtors indicated they would reject their contract with the Appellants.[1]

---

**1.** Appellants did not contest the classification of the contract as executory. The Bankruptcy Court has previously concluded a contract for deed is executory in South Dakota. *In re Speck,* 50 B.R. 307 (Bankr.D.S.D.1985), *aff'd,* 62 B.R. 61 (D.S.D.1985), *aff'd,* 798 F.2d 279 (8th Cir.1986).

The Appellants filed a proof of claim on December 22, 1986. They claimed Debtors' indebtedness to them under the contract was $118,115.59. In addition, they noted the existence of a vendor's lien.

The Debtors objected to the proof of claim. In their objection, the Debtors acknowledged that rejection of an executory contract gives rise to a claim for breach as if the claim had arisen before the date of the filing. They contended, however, that the contract provisions noted above provided for liquidated damages and would control the damages available to the Appellants upon breach.

On June 17, 1987, the bankruptcy court heard arguments of counsel over the Lindermuths' claim. At the hearing, the bankruptcy court determined that debtors' objection was well-founded and that there was no valid claim. The bankruptcy court then entered an order denying the claim. This appeal followed.

■ At issue before this court is whether the bankruptcy court erred in disallowing the claim of the Appellants. Specifically, Appellants contend the bankruptcy court erred in requiring them to pursue one breach of contract remedy after a contract rejection under 11 U.S.C. § 365 (1982 & Supp. IV 1986). Debtors argue that the bankruptcy court decision was correct as the rejection of the contract and subsequent return of part of the subject matter of the contract pursuant to the provisions set out, *supra,* precluded Appellants' assertion of the claim. Thus, the determinative question is whether a seller on a contract rejected under § 365 may be forced to seek one remedy to the exclusion of others.

11 U.S.C. § 365(a) provides: "... the Trustee, subject to the Court's approval, may ... reject any executory contract ... of the debtors." Such rejection, however, constitutes a breach of the contract immediately before the date of the filing of the petition. 11 U.S.C. § 365(g)(1). *See also N.L.R.B. v. Bildisco and Bildisco,* 465 U.S. 513, 530, 104 S.Ct. 1188, 1198, 79 L.Ed.2d 482 (1983). In this case, even though the plan rejecting the contract had yet to be filed, the Debtors are deemed to have breached the contract immediately before the September 16, 1986 filing of the petition.

As a result of the rejection which by operation of law caused a breach of the contract with the debtors, the Appellants had a claim as creditors. 11 U.S.C. §§ 101(4)(a–b), 365(g), 502 and 502(g) (1982 & Supp. IV 1986). As noted above, the Appellants filed a proof of claim pursuant to 11 U.S.C. § 501 (1982 & Supp. IV 1986). The Debtors objected to the proof of claim, thereby requiring the bankruptcy court to resolve the dispute over the claim pursuant to 11 U.S.C. § 502 (1982 & Supp. IV 1985). That section requires the bankruptcy court to determine the value of the claim and to allow or disallow it. It is important to note that since the claim is based on a contract rejected under 11 U.S.C. § 365, the bankruptcy court's determination must focus on the facts as if this claim had arisen before the date of the filing of the petition. 11 U.S.C. § 502(g).

■ In making the determination under § 502 as to the extent of the claim to be allowed, the Court must go beyond the bankruptcy code to the substantive law governing the rejected contract. *See In re U.S. Truck Co.,* 74 B.R. 515, 527 (Bankr.E.D.Mich.1987). This law will specify the rights of a non-breaching party to a contract when such contract is breached. The governing law on the breach of the contract between the Debtors and the Appellants is the law of South Dakota. *In re Continental Airlines Corp.,* 64 B.R. 865, 871 (Bankr.S.D.Tex.1986). *See also In re Besade,* 76 B.R. 845, 847 (Bankr.M.D.Fla. 1987); *In re Davies,* 27 B.R. 898, 900 (Bankr.E.D.N.Y.1983). Under South Dakota law, a non-breaching party to a contract has several options. Besides contract damages, the party may alternatively seek specific performance or enforcement of a specific contractual remedy. *Middleton v. Klingler,* 410 N.W.2d 184, 186 (S.D.1987). In certain additional situations, a non-breaching vendor may assert an action for foreclosure. SDCL Chapter 21–50 (1987).

This Court notes, however, the provision in the contract which provides Appellants

with the remedy of taking possession was enforceable only at the election of the Appellants. As the Supreme Court noted in Middleton, "[w]here ... there is no limitation in the contract which makes the remedies enumerated therein exclusive, a party is entitled to the remedies thus specified, or he may at his election pursue any other remedy which the law affords." 410 N.W. 2d at 186. Thus, in South Dakota, upon breach of a contract by a buyer, the seller is not required to enforce an optional contractual remedy.

In bankruptcy, when a contract is rejected by a purchaser, the seller retains his full rights and remedies against the purchaser. 7 R. Powell, *Powell on Real Property,* ¶ 938.22[7] (1987). As noted above, in South Dakota those rights are varied. Granted, if a seller chooses, he may elect to declare a contractual forfeiture *Id.* In this case, however, the bankruptcy court has required the Appellants to choose that specific remedy. Considering the explicit language of the contract indicates the remedy was optional, the court erred in forcing Appellants to choose that remedy. A party to a contract rejected under § 365 may make a breach of contract claim on any basis permitted by the pertinent law.[2]

Accordingly, this Court holds the Bankruptcy Court erred by requiring Appellants to satisfy their claim under an optional provision in the executory contract. The Bankruptcy Court order appealed from disallowed any claim of Appellants by relying on the Court's conclusion there was no claim. As discussed above, the order was based on an erroneous conclusion of law and therefore must be reversed. *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). This holding does not, however, reach the question of the allowability under 11 U.S.C. § 502 any claim asserted on re-

mand. Nor does this opinion touch on the secured status of any such claim.

The order of the Bankruptcy Court disallowing the claim of the appellants is reversed. This case is remanded to the Bankruptcy Court for proceedings not inconsistent with this memorandum opinion.

---

**2.** It should be noted, however, that making a claim in bankruptcy does not necessarily result in the relief sought. Bankruptcy alters a creditor's state law power to enforce his claims against the bankruptcy estate. *See e.g. In the Matter of Skelly,* 38 B.R. 1000 (D.Del.1984). 11 U.S.C. § 502 operates to place a monetary value on a claim. *See In the Matter of Brints Cotton Marketing, Inc.,* 737 F.2d 1338, 1341 (5th Cir.

1984); *In re Evans Products Co.,* 60 B.R. 863, 868 (S.D.Fla.1986). Therefore, any claim for damages, specific performance, or any other type of remedy sought will be determined, and allowed or disallowed. 11 U.S.C. § 502. It should also be noted that 11 U.S.C. § 502 specifically provides a mechanism for considering equitable claims. 11 U.S.C. § 502(c).