In re Sondra Lee KENT, Debtor.

Bankruptcy No. 085–50798–21.

United States Bankruptcy Court,
E.D. New York.

Sept. 19, 1988.

Sherman, Citron & Karasik, P.C., by Robert Kolodney, New York City, for debtor.

Macco, Hackeling & Stern, by Richard L. Stern, Huntington, N.Y., for claimant Jacob Parker.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The debtor and debtor-in-possession in this Chapter 11 proceeding, Sondra Lee Kent, has objected to the claim filed by Jacob Parker. Mr. Parker has filed a claim in the total amount of $143,349.00 for "Breach of contract for sale of real property owned by debtor and consequent damages." His claim is based upon the fact

that Mrs. Kent was not permitted to assume the contract into which she had entered with him, pre-petition, to sell her real property to him for the amount of $230,000.

The Court refused to permit the contract to be assumed because the evidence indicated that the contract price was far less than the market value of the property. Events bore this out. At public auction, the property was sold for $367,000. One of the participants in the auction was Mr. Parker. It was partially due to his bidding that the price reached the figure it did. Subsequently, Mr. Parker bought the property from the successful bidder. His claim is for $137,000, the difference between the price at which the property was sold to the successful bidder and the contract price, plus the fee he paid his attorneys, $3,550.00, the cost of a "bridge loan", $2,799, and clean-up costs, $851.00.

The debtor's grounds for objecting to the claim are that Mr. Parker is entitled to nothing because it was not the debtor who rejected the contract, but the Court which did not permit her to assume it; that the claimant increased the damage claim by participating in the auction bidding and that by so involving themselves they have "given up their rights (sic) to seek any damages from the sale."

■ The contention that participation in the auction forfeited Mr. Parker's right to damages for loss of his advantageous contract is too frivolous to merit consideration. More serious is the contention that no damages should be allowed because it was not Mrs. Kent who was to blame for the fact that the contract was not performed, but the Court which withheld approval of its assumption by her. The argument confuses the common law right of action for breach of contract with the statutorily created right to compensation for the rejection of an executory contract by a debtor in bankruptcy One of the by-products of filing under Chapter 11 is that the party filing is "empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have

employed absent the bankruptcy filing." *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1983). The power given the debtor is to be exercised to carry out the policies of the bankruptcy court. To ensure that it is so exercised, the debtor may not either assume or reject an executory contract without the approval of the Court. § 365(a). It is inherent in the statutory scheme that the debtor's wishes will not be dispositive, that the debtor may want to assume contracts which the Court may conclude should be rejected and vice versa. By filing under Chapter 11, a debtor loses its autonomy with respect to its affairs.

The other party to the contract is not ignored by the Code. The Code, which empowers the debtor to reject an executory contract that a non-debtor could be specifically ordered to perform, provides the other party with a limited remedy. *Cf., Lindermuth v. Myers*, 84 B.R. 164 (D.S.D. 1988). It gives the non-debtor party a claim for breach of contract as of the date immediately preceding the filing of the petition.

11 U.S.C. § 365(g) provides:

... the rejection of an executory contract ... of the debtor constitutes a breach of such contract ... (1) if such contract or lease has not been assumed under this section ... immediately before the date of the filing of the petition ...

11 U.S.C. § 502(g) provides:

A claim arising from the rejection, under section 365 of this title ... of an executory contract ... of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) and (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

■ Based on these two provisions, the failure to assume an executory contract gives rise to a non-administrative pre-petition claim measured by the damages suf-

fered.[1] Under the statute and practically speaking, the reason why the contract is not assumed is immaterial. It makes no difference whether the failure to assume the contract is due to a decision by the debtor, to the objections of creditors or to the refusal by the Court to permit an assumption. The consequences are the same. To draw a distinction based on whether the debtor, the creditor or the Court stopped the assumption of an executory contract would be destructive of the statutory scheme.

Accordingly, the fact that Mrs. Kent wanted to assume the contract is irrelevant. Mr. Parker's right to damages for breach of contract is not based on anything Mrs. Kent did or did not do, post-petition, it is based on the fact that the statute says that his contract was automatically breached when it was not assumed. The damages to which Mr. Parker is entitled are precisely those he could claim if his contract had been breached the day before the petition was filed which was when Mrs. Kent lost the ability to carry it out without the approval of the bankruptcy court. This is the difference between the contract price and the fair market value of the property. Since no effort has been made to show that the fair market value as of the date the petition was filed was any different from the fair market value of the property at the time of the auction, the damages are the difference between the contract price and the auction price.

Mr. Parker is not entitled to his attorney's fees or the other elements of his claim. They constitute no part of the statutory claim arising from the rejection of an executory contract. Accordingly, his claim is allowed in the amount of $137,000, the difference between the contract price and the auction price, but it is expunged as to the balance.

It may not be inappropriate to point out that all Mrs. Kent's creditors have been paid which means that the only one who would benefit from any reduction in Mr. Parker's claim would be Mrs. Kent. The equities lie with Mr. Parker. The money in question is the excess realized by the Court, acting in the interest of her creditors, over the price Mrs. Kent had agreed with Mr. Parker to take for her property. Had she had her way, the excess would not exist. To turn it over to Mrs. Kent would simply represent an unlooked for, and undeserved, windfall.

An Order consistent with this Opinion has already been entered.

---

1. In deciding whether a contract should be assumed or rejected, one consideration is the size of the claim to which rejection will give rise. However, even where the damage claim is, as here, exactly equal to the higher realization possible if the contract is rejected, rejection may still be in the interest of the creditor body. A large estate with more claims against it may be preferable to a smaller, or even non-existent, estate.